Eva DeMilt, Respondent, *v.* James H. Hart, Appellant.

**Negligence — injury to plaintiff who tried to escape from public hall through window because exit door was obstructed by snow and slush — when such obstruction temporary and not a violation of Building Code of New York city requiring exit doors to be so fastened as to be readily opened — erroneous charge.**

1. Where an exit door, giving access to the fire escape of a public hall in the city of New York, was not improperly or unlawfully constructed or locked with a key in violation of the Building Code of

the city (§ 158, subd. 3), but was temporarily held fast by ice or sleet so that it did not open readily, the owner of the building is not liable to plaintiff, who, while attending a meeting in the hall, tried to escape therefrom when a fire broke out in the adjoining building, but was unable to readily open the exit door, because held by ice or sleet, and instead got out through a window, went down the wrong ladder, fell and sustained injuries. The evidence shows that the janitor of the building had opened the door, swept the snow and slush off the sill, and closed it immediately before the meeting and that the door worked very well after the accident. The inference was permissible, therefore, that the reason why the exit door did not open readily was because ice or sleet had accumulated on the sill during the progress of the meeting.

2. The case was not submitted to the jury on the theory that defendant was liable, independent of negligence for the violation of the provisions of a statute. Yet the jury was instructed, in substance, that defendant was liable, regardless of knowledge or notice as to the condition of the exit door, and defendant's request for an instruction in substance that lack of such notice or knowledge was a defense was denied. This was substantial error.

*DeMilt* v. *Hart*, 202 App. Div. 818, reversed.

(Argued March 20, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 29, 1922, affirming a judgment in favor of plaintiff entered upon a verdict.

*E. C. Sherwood* and *Clarence S. Zipp* for appellant. The court erred in refusing to charge that the interval elapsing between the examination of the door by defendant's servant and the time when it was sought to use the door as an exit was too short a time upon which to base constructive notice. (*MacRae* v. *Chelsea Fibre Mills*, 145 App. Div. 588; *Connors* v. *Cranford Co.*, 146 App. Div. 530; *Idel* v. *Mitchell*, 158 N. Y. 134.)

*Joseph F. Murray* and *Harry A. Redmond* for respondent. The Building Code of the city of New York expressly required the defendant to maintain this exit door so

30

that it could readily be opened; notice to or knowledge by the defendant of the condition of the door was not required to be proved by plaintiff, and, therefore, the request to charge regarding constructive notice was properly refused. (*Martin* v. *Herzog,* 228 N. Y. 164; *Racine* v. *Morris,* 201 N. Y. 240; *City of New York* v. *Trustees,* 85 App. Div. 355; 180 N. Y. 527; *Amberg* v. *Kinley,* 214 N. Y. 531; *Ross* v. *D., L. & W. R. R. Co.,* 231 N. Y. 329.)

Pound, J. Plaintiff was attending a meeting of the Sons and Daughters of Liberty at Hart's Hall in Brooklyn on the second floor of the building on a stormy night on the 22d day of January, 1920, when a fire broke out in the building next door. In the rush to get out of the hall she was unable readily to open the exit door leading to the fire escape, got out through a window instead, went down the wrong ladder, fell and sustained injuries. She brought action against defendant, the owner of the building, and obtained a judgment which has been unanimously affirmed. Defendant appeals to this court by permission and seeks to review certain exceptions to the charge of the trial court.

On plaintiff's theory, which the trial court adopted, the gist of the action was the negligent violation of the Building Code of the city of New York. This Code covers in the main " matters concerning, affecting or relating to the construction, alteration or removal of buildings erected or to be erected in the city." (§ 2.) The Code is " declared to be remedial, and shall be construed liberally, to secure the beneficial interests and purposes thereof." (§ 3.)

Section 158, subdivision 3, reads as follows:

" 3. *Door fastenings.*— The fastening on any exit door within the scope of this section shall be such that the door may be readily opened from the inside without the use of keys * * *." (Code of Ordinances of the

city of New York [Building Code], § 158, subd. 3, p. 80.; Crosby's Code of Ordinances, Annotated, 1920.)

The exit door giving access to the fire escape is not shown to have been improperly or unlawfully constructed or to have been locked with a key at the time of the accident. Evidence was offered that the janitor of the building had opened the door, swept the snow and slush off the sill, and closed it immediately before the meeting and that the door worked very well after the accident. The inference was permissible that the reason why the exit door did not open readily was because ice or sleet had accumulated on the sill during the progress of the meeting.

The case was not submitted to the jury on the theory that defendant was liable, independent of negligence, for a violation of the provisions of a statute. (*Martin* v. *Herzog*, 228 N. Y. 164; *Amberg* v. *Kinley*, 214 N. Y. 531.) Yet the jury was instructed, in substance, that defendant was liable, regardless of knowledge or notice as to the condition of the exit door, and defendant's request for an instruction in substance that lack of such notice or knowledge was a defense was denied.

This was substantial error. The obstructing of an exit door is not made a violation of the Building Code, as is the placing of incumbrances on fire escapes, balconies or ladders. (§ 162.) If the exit door to the fire escape was so constructed that under normal conditions it could be readily opened from the inside without the use of keys the duty of the owner of the building thereafter was to exercise reasonable care to see that it was not obstructed so that it could be readily opened in case of fire.

If the opening of the exit door was made difficult only by reason of sudden, temporary or catastrophic conditions, such as the collection of ice on the door sill during a storm, which defendant could not reasonably foresee or guard against, no ordinance was violated and no negligence shown.

It was the duty of the owner to exercise proper care to guard against such obstructions, and to remove them with reasonable diligence, but the jury should not have been permitted to say, on the evidence in this case, when it appears that only half an inch of snow fell during the meeting, that the lapse of a few hours, while ice was accumulating during the storm, was sufficient in itself to give actual or constructive notice to the owner that the exit door would not readily open at the time of the accident and to charge him with carelessness and lack of common foresight. The duty of the owner is bounded by reasonable limitations. Impossibilities are not required of him.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.