NELLIE SHEEHAN, Respondent, *v.* THE EAST 98TH STREET CORPORATION, Appellant.

THOMAS SHEEHAN, Respondent, *v.* THE EAST 98TH STREET CORPORATION, Appellant.

Negligence — landlord and tenant — tenement houses — charge — action to recover for injury to tenant from fall on stair landing — erroneous charge as to duty of artificially lighting hall.

Where actions to recover for personal injuries, alleged to have been sustained by a tenant through a fall upon a stair landing in a

tenement house owned by defendant, were brought solely upon the theory that the hallway was not lighted as required by the Tenement House Law (Cons. Laws, ch. 61), and the court erroneously charged that the defendant was required by the statute to have a light in the hall but thereafter charged the requirements in the words of the statute to the effect that if, in the opinion of the tenement house department the hall was not sufficiently lighted, it was defendant's duty to keep a light burning, yet, in the absence of evidence that the tenement house department had required it, refused to charge that there was no violation of the statute with respect to having artificial light, a new trial must be ordered. The question of artificial light tended to confuse the issue. The charge should have eliminated it altogether, and left the jury with the single proposition of determining the defendant's negligence from failure to observe the other provisions of section 74 of the Tenement House Law.

*Sheehan* v. *East 98th Street Corp.*, 215 App. Div. 680, reversed.

(Argued March 3, 1926; decided March 30, 1926.)

APPEAL, in each of the above-entitled actions, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 13, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*F. A. W. Ireland* for appellant. The court erred in declining the several requests to charge. (*Lindsley* v. *Stern*, 197 N. Y. Supp. 106; *Brugher* v. *Buchtenkirch*, 176 N. Y. 153; *Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Kunder* v. *Purchase Holding Co.*, 188 App. Div. 94; *Rosenzweig* v. *Klippel*, 81 Misc. Rep. 247; *Stacy* v. *Shapiro*, 212 App. Div. 723; *Muller* v. *Minken*, 55 Misc. Rep. 444.)

*Samuel F. Moran, Martin E. Burke* and *John D. Munroe* for respondents. Appellant's violation of the statute had such connection with the injuries complained of as to constitute evidence of its negligence for the consideration of the jury; and appellant's requests to charge would, to respondents' prejudice, have prevented the jury from considering this evidence, and were properly denied. (*Bornstein* v. *Faden*, 149 App. Div. 37; 208

N. Y. 605; *Lather* v. *Banmann*, 122 App. Div. 13; *Gallagher* v. *Murphy*, 221 Mass. 363; *Faxon* v. *Butler*, 206 Mass. 500; *Kelley* v. *N. Y. State Railways*, 207 N. Y. 342; *DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94; *Martin* v. *Herzog*, 225 N. Y. 164; *Amberg* v. *Kinley*, 214 N. Y. 531.)

CRANE, J. On March 11, 1922, at about two o'clock in the afternoon, Nellie Sheehan fell down the cellar stairs in a tenement house at 124 East Ninety-eighth street, borough of Manhattan, city of New York. She had lived in the house eighteen years, and her apartment was on the ground floor on the right-hand side.

On the left-hand side of the public hallway on this ground floor, about fifteen feet back from the main entrance, there was a door which opened onto the top landing of the cellar stairs. The landing was a little below the level of the hallway floor. As the plaintiff stepped from the hallway onto the landing, she slipped on some refuse and was injured.

No complaint is made of any danger arising from the refuse on the landing. The plaintiff and her husband have brought these actions claiming that the hallway was dark through the defendant's negligence, and failure to light it in accordance with the Tenement House Law (Cons. Laws, ch. 61.)

From judgments in the plaintiffs' favor, the defendant has appealed, pointing out errors on the trial, which it insists are of a substantial nature, requiring reversal.

The question of light being the only question of the defendant's negligence in the case, the court stated in the charge to the jury that the Tenement House Law required the defendant to do the following:

"And it further goes on to say that in every such house, a proper light shall be kept burning in the hallway near the stairs upon each floor, as may be necessary, from sunrise to sunset. Now, what is the object of that? I

will read to you just what the courts have said on the subject. ' The Legislature, in enacting this Statute, contemplated by the use of the words ' proper light,' that the light to be maintained in the lower hallways and near the stairs on the entrance floor should be sufficient to light the entire lower stairway ' (that means the stairway in the hall), ' and to enable people lawfully using the stairs by exercising proper care to see the steps and avoid stumbling or missing their foothold.' That is the reason for the light and that is the reason why the Legislature made the law."

To this charge no exception was taken, although it was concededly wrong, as the Tenement House Law only requires the owner to maintain a light when the tenement house department has ordered its installation. Section 74 of the Tenement House Law, in force at the time, reads in part as follows:

" In every such house where the public halls and stairs are not provided with windows opening directly to the street or yard, and such halls and stairs are, in the opinion of the department, charged with the enforcement of this chapter, not sufficiently lighted, the owner of such house shall keep a proper light burning in the hallway, near the stairs, upon each floor, as may be necessary, from sunrise to sunset."

By requests to charge, this error was partially corrected, but we do not think it was sufficiently straightened out so that we can fairly say that the defendant has had such a trial as the law contemplates upon a contested issue of fact. Whatever confusion may arise regarding the facts, there should be no confusion or misunderstanding regarding the law, which a jury must apply to the facts. The defendant's lawyer asked the court to charge as follows:

" Now I ask your Honor to charge this paragraph of Section 74 of the statute, part of which you read:

" ' In every such house where the public halls and stairs are not provided with windows opening directly to

the street or yard, and such halls and stairs are, in the opinion of the Department, charged with the enforcement of this chapter, not sufficiently lighted, the owner of such house shall keep a proper light burning in the hallway, near the stairs, upon each floor, as may be necessary, from sunrise to sunset.' "

The court granted the request.

Another request:

" I ask your Honor to charge the jury that there is no evidence in this case that the Tenement House Department has requested or required the defendant in this case to keep a light burning in the hallway.

" Mr. Burke: No objection to that.

" The Court: I so charge."

Then we have the following:

" Now I ask your Honor to charge the jury that in view of the charge you have just made, there is no violation of the statute on the part of this defendant with respect to having artificial light, because there is no evidence in the case that the Tenement House Department requested it.

" The Court: Declined in the language of the request except as already charged in the main charge." To this refusal an exception was taken.

In his main charge, as I have above quoted, the judge told the jury that the defendant was obliged to have a light in the hall, and that the statute required it. This is an error, for such is not the law, and the respondent frankly concedes that it is not the law. Although the court, upon request, charged the requirements in the words of the statute, and stated that the department had not ordered a light, yet he refused to charge that there was no violation of the statute on the part of the defendant with respect to having artificial light. What could the jury understand from this? I do not know.

The question of artificial light should not have been brought into the case as an element of negligence. It

tended to confuse the issue. The charge should have eliminated it altogether, and left the jury with the single proposition of determining the defendant's negligence from failure to observe the other provisions of section 74 of the Tenement House Law. As the defendant was entitled to this, and as it must remain uncertain whether or not the jury so understood it, a new trial must be had.

The judgments in both cases should be reversed and new trials granted, with costs to abide the event.

HISCOCK, Ch. J., POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., absent.

Judgments reversed, etc.