CATHERINE McCABE, Plaintiff, *v.* CLARENCE MACKAY and Another, Defendants.

Supreme Court, New York County, July 6, 1928.

**Negligence — action to recover for injuries suffered when plaintiff fell on unlighted stairway of tenement house — Building Code of the City of New York, § 159, requires illumination — defendants were negligent in permitting stairway to remain in darkness.**

This action is to recover for injuries suffered by the plaintiff when she fell on an unlighted stairway in an apartment house owned by the defendants. Section

159 of the Building Code of the City of New York provides that stairways shall be adequately lighted. At the time of the accident the stairway was in darkness. The owner is required not only to furnish the means for lighting the stairway, but also to use reasonable care in seeing that a light is maintained. The defendants were negligent in knowingly permitting the stairway to remain in darkness and they are liable.

ACTION for personal injuries suffered from fall on stairway not lighted by defendant owner as required by section 159 of the Building Code.

*Speiser & Speiser* [*Milton Speiser* of counsel], for the plaintiff.

*E. C. Sherwood* [*O. K. King* of counsel], for the defendants.

FRANKENTHALER, J.  Section 159 of the Building Code of the City of New York provides that " provision shall be made for the adequate lighting by artificial light of all stairways hallways and other means of exit."  The evidence establishes that at the time of the accident the stairway at the point where plaintiff fell was in darkness, the light at that place being extinguished.  It seems quite obvious that the ordinance aforesaid, fairly interpreted, requires more than the making of initial provision for proper illumination at the time of the construction of the building.  The owner is obliged to exercise reasonable care in utilizing the facilities for lighting which were furnished when the structure was built and in maintaining adequate lights.  Thus in *De Milt* v. *Hart* (235 N. Y. 464) the Court of Appeals, in construing section 158 of the Building Code, which required fastenings on exit doors which would permit the doors to be readily opened, indicated that the ordinance was not satisfied merely by the construction of such fastenings, and that there was a duty, in addition, to use reasonable care to keep them in appropriate condition.  At page 467 POUND, J., writing for the court, said: " If the exit door to the fire escape was so constructed that under normal conditions it could be readily opened from the inside without the use of keys *the duty of the owner of the building thereafter was to exercise reasonable care to see that it was not obstructed so that it could be readily opened in case of fire.*"  (Italics mine.)  The proof satisfies me that the defendant here was negligent in knowingly permitting the stairway to remain in darkness, and that the plaintiff was not guilty of contributory negligence.  I accordingly direct a verdict for plaintiff for $1,000.