CATHERINE McCABE, Respondent, *v.* CLARENCE MACKAY, Appellant, Impleaded with Another.

(Argued March 31, 1930; decided May 6, 1930.)

*H. H. Brown* and *E. C. Sherwood* for appellant. In the absence of statute there is no obligation on the owner of a building to keep the halls and stairways lighted. (*Brugher* v. *Buchtenkirch*, 167 N. Y. 153; *Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Hudson* v. *Church of the Holy Trinity*, 250 N. Y. 513; *Sheehan* v. *East 98th Street Corp.*, 242 N. Y. 262; *Stacy* v. *Shapiro*, 212 App. Div. 723; *Lindsley* v. *Stern*, 203 App. Div. 615; *Nadal* v. *Fichten*, 34 App. Div. 188; *Kunder* v. *Purchase Holding Co.*, 188 App. Div. 94; *Gordon* v. *Stone*, 219 App. Div. 201; *Kushes* v. *Ginsberg*, 99 App. Div. 417; 188 N. Y. 630; *Schick* v. *Fleischhauer*, 26 App. Div. 210; *Frank* v. *Mandel*, 76 App. Div. 413.) Neither statute nor ordinance imposed any duty upon the defendant-appellant to light the stairway. Even if plaintiff had shown that article 8 of the Building Code was in effect prior to the erection of the building, section 159, subdivision 2, thereof would not be applicable. (*Stacy* v. *Shapiro*, 212 App. Div. 723; *Gordon* v. *Stone*, 219 App. Div. 201; *Drennan* v. *American Press Assn.*, 216 App. Div. 292; *De Milt* v. *Hart*, 235 N. Y. 464.)

*Milton Speiser* and *Joseph Speiser* for respondent. Regardless of the statute or any ordinance, the defendant-appellant was bound to exercise reasonable care. (*Murphy* v. *Broadway Impr. Co.*, 189 App. Div. 692; *McNaley* v. *Oakwood*, 210 App. Div. 612; *Hart* v. *Grennell*, 122 N. Y. 371; *Wither* v. *Brooklyn Real Estate Exchange*, 94 N. Y. Supp. 328.)

CARDOZO, Ch. J. The defendant is the owner of an office building in the city of New York. Plaintiff, one of the occupants of the building, fell on the stairs, and was hurt. There is evidence that the electric light was

not burning in the hall, and this after notice to the superintendent of the building. There is also a basis for an inference that the darkness caused the fall.

At common law, an owner of a building does not owe a duty to his tenants to provide the common ways with artificial light, in the absence of defective conditions, or conditions of peculiar danger, that may call for special warning (*Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Sheehan* v. *East 98th Street Corp.*, 242 N. Y. 262). No such conditions are shown to have been present here. If the plaintiff is to prevail, the omission to provide a light must be found to have been a breach of a statutory duty.

We are told that such a duty has been imposed by article 8, section 159, of the Building Code of the city of New York. The difficulty is that this article does not apply to office buildings generally, but only to office buildings erected after the date of its enactment (Building Code, § 151). When the defendant's office building was erected, the record does not inform us. In the absence of such evidence, there is no basis for charging him with a violation of the ordinance.

A new trial being necessary, there is need to state the rule that will govern liability if the ordinance antedates the erection of the building. " Provision shall be made for the adequate lighting by artificial light of all stairways, hallways and other means of exit required by this article " (§ 159, subd. 2). The defendant insists that this requirement is sufficiently complied with when the owner supplies appliances suitable for lighting. The plaintiff insists that in addition, by reasonable implication, there is a duty of reasonable care in keeping the appliances lighted whenever lights are necessary during usual business hours (cf. *DeMilt* v. *Hart*, 235 N. Y. 464). We think the defendant's reading of the ordinance is too narrow for acceptance. The conclusion becomes the clearer when we read subdivision 2 in the light of the other subdivisions of the same section, subdivisions 1

and 3. Subdivision 1 is to the effect that "all exits from floor areas accommodating more than fifty persons shall be plainly marked by approved exit signs and red lights." Clearly there is here a duty of continuing obligation, and not one finally discharged at the moment of construction. Subdivision 3 has the caption "exits to be kept clear," which is followed by the direction that "no doorway, hallway, passageway, stairs, or other means of exit, required by this article, shall be obstructed or reduced, except as to hand-rails, beyond its required width in any manner whatsoever." Clearly, once more, the obligation is continuing. We are satisfied that subdivision 2 shares the quality of the other subdivisions with which it is associated. The building is to be safe, not only at its opening, but afterwards. The mandate is not confined to the process of construction; it is directed also to the use.

What we hold is not inconsistent with *Stacy* v. *Shapiro* (212 App. Div. 723), where the building was a tenement. Article 8 of the Building Code is without application to tenement houses, factories, theatres or private residences (Building Code, § 151). Artificial lights in tenement houses are subject to a special rule (Tenement House Law, § 76; Cons. Laws, ch. 61).

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.