ELIZABETH S. GREENE, Respondent, *v.* SIBLEY, LINDSAY & CURR COMPANY, Appellant.

Fourth Department, March 19, 1931.

*Charles S. Wilcox*, for the appellant.

*Eugene Raines*, for the respondent.

PER CURIAM. The claim of the plaintiff rests upon an alleged negligent act of defendant in placing an obstruction on the floor of its store under such circumstances as to make its existence unusual and, therefore, unlooked for and unexpected.

The jury was warranted in finding that plaintiff, having made a purchase at a counter in defendant's store, stood there facing the counter waiting for her package and change. Hearing a voice just to her right she turned her head and saw two of defendant's employees talking together about a cash register located on the counter in front of them and just to the right of plaintiff.

The cash register was temporarily out of repair and the employee standing next to plaintiff had just come there to find out what the trouble was. Plaintiff's look disclosed this man standing upright immediately next to her, in front of the counter where the cash register stood. At that moment the clerk returned with the package and change. Plaintiff turned to her left to take them. Then, within a second or so, having in mind the position of the man as she had just noticed it, she turned to her right — intending to make " a sweep around him standing there "— and stepped out with her left foot. During the second or so, which those acts of plaintiff occupied, the man changed his position by dropping down on one knee — his left knee — in order to look across the surface of the counter and under the cash register. In that position, his left leg stretched out along the floor behind him " the length of his knee to his foot or heel," estimated by plaintiff as being two feet. As plaintiff swung and stepped — intending to sweep around him — the outstretched leg caught her foot and she was thrown. Factual situations, more or less analogous, have led to liability. No exactly similar situation has been found. A business visitor is entitled to expect warning of any unreasonable risk. He is not required to be on the alert to discover danger or defects. The character of the place is important. One entering a store, theatre, office building or hotel is entitled to expect that far greater preparations to secure his safety will be made than one entering a private building.

Whether the defendant as a reasonable man familiar with the ordinary conduct of his business visitors, should have realized

that his act involved an unreasonable risk of harm to plaintiff, was a question for the jury. And so also of plaintiff's own conduct.

The judgment and order should be affirmed.

All concur, except SEARS, P. J., and EDGCOMB, J., who dissent and vote for reversal on the law and a dismissal of the complaint, on the ground that in their opinion there is no evidence in the record to sustain the finding of negligence on the part of the defendant and freedom from contributory negligence on the part of the plaintiff. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment and order affirmed, with costs.