CATHERINE McCABE, Respondent, *v.* CLARENCE MACKAY, Appellant, Impleaded with LOUIS MACKAY, Defendant.

First Department, June 24, 1931.

*H. H. Brown* of counsel [*E. C. Sherwood*, attorney], for the appellant.

*Milton Speiser* of counsel [*Joseph Speiser* with him on the brief; *Speiser & Speiser*, attorneys], for the respondent.

MARTIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained on September 21, 1923, while the plaintiff was descending a stairway in the office building of the defendant located at No. 20 Broad street, borough of Manhattan, city of New York.

At about noon on that day, the plaintiff, who was employed by a stock brokerage firm with offices on the ground floor of the defendant's building, went upstairs to the lavatory situated between the first and second floors. While returning to the office, she says she descended the stairs slowly; that it was very dark; that she had hold of the handrail and thinking she had reached the foot of

the stairs, though in fact she had another step to go, she lost her footing and fell, sustaining severe injuries.

There have been two trials of this action. On the first trial the court directed a verdict for the plaintiff for the sum of $1,000, which judgment was affirmed by this court (226 App. Div. 741). The Court of Appeals reversed the judgment and ordered a new trial (253 N. Y. 440) upon the ground that the plaintiff did not prove that the failure to supply a light on the stairway in question was a breach of a statutory duty.

During the second trial of this action the parties stipulated that in lieu of taking testimony, the complete record which was before the Court of Appeals, including the testimony, exhibits and pleadings contained in the case on appeal, should be made the record in this case with the same force and effect as though the testimony was taken at the trial.

It was further stipulated upon the trial that the building in which the accident occurred was erected prior to the enactment of section 159 of the Building Code of the City of New York. On the former appeal the Court of Appeals held that there could be no breach of a statutory duty to light the stairway in question if the construction of the building antedated the enactment of the ordinance. Section 151 of the Building Code also provides that section 159 has no application to buildings constructed prior to its enactment.

The following quotation from the opinion of the Court of Appeals, when this case was there on appeal, will be found in 253 New York, 440, and removes all doubt about the question: "At common law, an owner of a building does not owe a duty to his tenants to provide the common ways with artificial light, in the absence of defective conditions, or conditions of peculiar danger, that may call for special warning (*Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Sheehan* v. *East 98th Street Corp.*, 242 N. Y. 262). No such conditions are shown to have been present here. If the plaintiff is to prevail, the omission to provide a light must be found to have been a breach of a statutory duty."

Despite the decision of the Court of Appeals and the stipulation entered into upon the trial, the court again directed a verdict in favor of the plaintiff for the sum of $1,000.

The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL, MCAVOY and SHERMAN, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.