In the Matter of the Application of MARY M. LYONS and Another, Petitioners, for a Peremptory Mandamus Order against HARRY M. BURTIS, as Clerk of the Supreme Court of the State of New York, Respondent.

Supreme Court, Kings County, March 16, 1933.

*Samuel P. Schoenfeld*, for the petitioners.

No appearance for the respondent.

STEINBRINK, J. This is a motion for a peremptory order of mandamus directing the trial calendar clerk to advance this action to the calendar under rule 6 of the Kings County Supreme Court Rules, Trial Term. This rule, adopted pursuant to legislative authority, has the force and effect of statute. (*Matter of Moore*, 108 N. Y. 280.) It provides in part that " any action on contract, except breach of contract to marry, in replevin or in conversion, which is properly on the calendar and having a number, may be advanced to any Day Calendar, on application of either party, by filing, at least thirty days prior thereto with the calendar clerk, an affidavit showing the nature of the cause of action, * * * that at the time the cause of action arose the plaintiff was and still is a resident of Kings County."

The complaint pleads a cause of action on implied warranty in connection with the sale of food intended for consumption in the restaurant conducted by the defendant. After setting forth the claimed facts the twelfth paragraph alleges: " that solely by reason of the aforesaid premises and without any fault on her part " the plaintiff was rendered sick. Then follows the claim for damages. Plaintiff contends that this is an action on contract and that, therefore, the calendar clerk was left no choice but to have it advanced under the rule above quoted. It is not entirely clear that an action for breach of implied or expressed warranty is contractual in its nature. Professor Williston, in dealing with this subject, observes that " when a seller is held liable on a warranty for making an affirmation of fact in regard to goods in order to induce their purchase, to hold that such an affirmation is a contract is to speak the language of pure fiction." (3 Williston Cont. § 1505.) In referring to some of the earlier authorities, he says: " They involve a recognition of the fact that warranty is a hybrid between tort and contract." But for our purposes it is unnecessary to take the cause of action here pleaded out of its penumbra and affix to it a label of contract or tort, for the spirit of the rule under review is unconcerned with distinctions of this nature. The true distinction, as I view it, is between causes of action arising out of commercial transactions and causes of action arising out of non-commercial transactions. Plaintiff takes the position that under the language of the rule there is justification for the inclusion within the limits of its application of the cause of action here pleaded even though it is non-commercial in its nature. If this rule be applied to every conceivable case which could be brought on the theory of contract, then, of course, actions against all classes of common carriers instituted on the theory that the contract of safe carriage had been breached would likewise be entitled to preference. But a consideration of the reasons underlying the promulgation of this rule leads to a different result. The social interest in the security of transactions requires that we protect the interest of the promisee and that this protection be afforded promptly. If the courts are to be kept abreast and effectually serve the needs of economic development and commercial expansion they must offer ready tribunals for the settlement, with dispatch, of disputes arising out of business transactions. This need in the very nature of things is imperative, and, with the congested condition of our trial calendars, it could not be met unless by special rules granting preferences to commercial causes. It is out of these considerations that the rule under review was born, and it is in their light that it must be applied. Here is no arbitrary classification of causes of action on the basis of forms assumed very often as the result of historical accident.

Rather, it is an attempt to separate the commercial from the non-commercial, and by granting preferences to the former, to insure thereby, in some measure at least, a facilitation of the free flow of commercial transactions. Viewing the rule in this light the conclusion must follow that plaintiff, whose cause of action is non-commercial in the sense that the term is here used, is not entitled to a preference under rule 6. The motion is denied.