### FREY v. RUSSIAN VILLAGE, Inc.

### No. 390.

Circuit Court of Appeals, Second Circuit.

July 23, 1934.

Edward A. Scott, Jr., of New York City, for plaintiff-appellant.

Frederick Mellor, of New York City, for defendant-appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is a citizen and resident of New Jersey and the defendant a New York corporation.

On January 10, 1932, the plaintiff, with a companion, approached the entrance to the defendant's restaurant located in the basement of premises known as 100 West Fifty-Seventh street in the city of New York. She testified that there was a sign on the sidewalk in front of the entrance indicating that the restaurant was open for business. She and her companion, intending to patronize the restaurant, went through the open doors of a small vestibule which formed a part of the entrance and started to descend a dimly lighted flight of stairs leading to the dining room. This flight of stairs was set at an angle of between 45 and 50 degrees. There was a handrail on the left side which came up to the top of the stairs and one on the right which did not. It stopped about three steps down from the top. There was testimony from which the jury might have found that because of the way the right side of the staircase was painted it looked in the dim light as though the handrail on that side came to the top of the stairs also. There was evidence from which the jury might have found, too, that the plaintiff knew she was approaching a flight of stairs; saw what she reasonably believed under the circumstances to be a handrail on the right side extending to the top, and reached for it as she started to descend; that, because it did not extend to the top stair, she grasped nothing when she reached for it, and for this reason lost her balance and fell down the stairs. Her suit was brought to recover for the injuries thus sustained. There was no proof of the date when the building was erected, and so there could be no recovery at this trial because of a violation of any statute or ordinance in regard to lighting the stairway. McCabe v. Mackay, 253 N. Y. 440, 171 N. E. 699. See article 8, §§ 153 and 159 of the Building Code of the City of New York. Nor was there proof of a violation of the Tenement House Law (Consol. Laws, c. 61) § 74, relating to the lighting of stairways (Sheehan v. East 98th St. Corp., 242 N. Y. 262, 151 N. E. 447), even if the Tenement House Law is applicable to such premises, a point it is unnecessary to decide.

There is a well-recognized duty at common law resting upon the defendant to maintain the stairway leading to its place of business in a reasonably safe condition for the use of the patrons it invites to use it. While this duty does not require any definite amount of lighting or any lighting at all if such a stairway is otherwise made reasonably safe for such use, the absence of sufficient light may render the stairway unsafe and be ac-

tionable negligence if it results in injury to an invitee. The defendant was bound to know what a patron would believe from appearances was the actual condition of the stairway when coming from the street to the top of the shadowy flight of stairs and take what precautions reasonable prudence under the circumstances required not to permit such a person to be deceived into thinking that the hand rail on the right could be grasped from the top stair. Whether or not it complied with its duty in this respect was a jury question. Kern v. Great Atlantic & Pacific Tea Co., 241 N. Y. 600, 150 N. E. 572; Greene v. Sibley, Lindsay & Curr Co., 232 App. Div. 53, 248 N. Y. S. 491; Quirk v. Siegel-Cooper Co., 43 App. Div. 464, 60 N. Y. S. 228; Graham v. Badland Co., 97 App. Div. 141, 89 N. Y. S. 595; Myers v. Pittsburgh Coal Co., 233 U. S. 184, 34 S. Ct. 559, 58 L. Ed. 906; New York Lubricating Oil Co. v. Pusey (C. C. A.) 211 F. 622.

■■ The basis of recovery in this action, should there be a recovery at all, is not the violation of a specific statute either regulating lighting or the maintenance of an adequate handrail on the right side of the stairway. On the present record these cannot be taken as separate and independent acts of negligence or breaches of duty owed the plaintiff because of any statute or ordinance having the force of law. Yet the defendant cannot escape liability if the plaintiff was hurt because it negligently failed to make the stairway reasonably safe for the use of the plaintiff when lighted only as it was and when equipped with the short handrail on the right side; or negligently failed, if it did not otherwise make the stairway reasonably safe, to make it reasonably safe by changing the condition of the lighting or the handrail or both. It was free to choose its own method of making the stairway suitable for the plaintiff's use, and, provided it did maintain it in a reasonably safe condition for such use, the plaintiff cannot challenge its method of lighting or the length and position of the handrail, but the defendant cannot excuse a failure to have its entrance reasonably safe by pointing out that it has not been shown to have violated any applicable statute. These conditions, if believed by the jury to have existed as the plaintiff's evidence tended to show, were defective conditions of peculiar danger which required at least some special warning for the safety of patrons like the plaintiff. Compare McCabe v. Mackay, supra.

■ The situation confronting the plaintiff when she undertook to go down the stairs was so different, if her testimony is credible, from what it seemed to be, that her contributory negligence was likewise a question for the jury.

Judgment reversed, and cause remanded for a new trial.