ANNA FLANDER, Appellant, v. EDWARD FLANDER, Respondent.— Order denying plaintiff's motion to vacate entry of final judgment of divorce affirmed, without costs. No opinion. Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur.

REBECCA FRANKEL, Appellant, v. KNICKERBOCKER ICE COMPANY, Respondent. — In an action to recover damages for breach of contract, order dismissing complaint at the close of plaintiff's case and judgment entered thereon reversed on the law and a new trial granted, costs to appellant to abide the event. Plaintiff proved facts sufficient to constitute a cause of action, there being proof that the parties had accepted and acted upon a modification of the contract, so that plaintiff was justified in selling ice to " loaders." To the extent that the contract was so modified and acted upon, the question of such modification, not being in writing, is not involved. The contract was not assignable, but, even if it were, defendant was not relieved from its duty thereunder. The proof fell short of showing a novation. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

MOLLY FREEMAN and ADOLPH FREEMAN, Appellants, v. CHARLES N. WARBASSE, Respondent.— Action to recover damages for personal injuries suffered by the plaintiff wife and for loss of services by the plaintiff husband as a consequence of the wife's falling down stairs by reason of a claimed negligent condition of rubber mat and tiled landing. Judgment for the defendant and order denying a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ.

HARRIET GOTTLIEB, Appellant, v. HERMAN NELSON and Others, Respondents.— Order denying plaintiff's motion to direct the clerk to prefer this cause and place it on the day calendar for trial pursuant to rule 6 of the Kings County Supreme Court Rules, Trial Term, reversed upon the law, with ten dollars costs and disbursements, and motion granted. The action is to recover damages for the breach of an alleged contract by which defendants agreed to pay plaintiff all the expenses incurred and to be incurred by her as a private patient until she shall have made a full and complete recovery. Such an action comes within the provisions of rule 6. We do not agree with the decision in *Matter of Lyons* v. *Burtis* (157 Misc. 325) in so far as it holds that rule 6 applies only to causes of action arising out of commercial transactions. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

MARGARET GREEN, Appellant, v. CHURCH OF IMMACULATE CONCEPTION, Respondent.— Judgment dismissing complaint at the close of plaintiff's case reversed upon the law and a new trial granted, with costs to appellant to abide the event. Defendant owed plaintiff — an invitee — a duty of reasonable care. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79; *Hudson* v. *Church of Holy Trinity*, 250 id. 513.) While defendant was subject to no statutory duty to keep the vestibule and stairway lighted, it was for the jury to say whether defendant was negligent and the plaintiff free from contributory negligence. Lazansky, P. J., Young, Johnston and Taylor, JJ., concur; Carswell, J., dissents and votes to affirm.