GEORGE A. OWEN, Respondent, v. WESTCHESTER COUNTRY CLUB, INC., Appellant.— In an action to recover damages for personal injuries sustained by reason of the alleged negligence of defendant whereby plaintiff fell from a brick terrace, a distance of two or three feet, when leaving the premises of the defendant, the judgment of the County Court of Westchester County in favor of plaintiff is reversed on the law, with costs, and the complaint dismissed on the law, with costs. Defendant had no duty to illuminate this exterior brick terrace, nor to foresee the accident which occurred. (Indinali v. Lerner, 243 App. Div. 735; McCabe v. Mackay, 253 N. Y. 440.) Plaintiff was guilty of contributory negligence, as a matter of law, in failing to retrace his steps, when he found that he was in total darkness, and to proceed through the building and leave by means of a safe exit which was afforded him. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MANGANO (True Name JOHN DiSCALA), Appellant.— Judgment of the County Court of Kings County convicting the defendant of the crime of grand larceny in the first degree, and sentencing him to Sing Sing Prison for a term of not less than five nor more than ten years, unanimously affirmed. No opinion. Present.— Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

HERMAN ROTHSCHILD and HANNAH SINAUER, Suing for Themselves as Stockholders and All Other Stockholders of the CHEMACID SOCIETE ANONYME in Like Situation, Who Shall Choose to Make Themselves Parties to This Action, Respondents, v. CHEMACID SOCIETE ANONYME and Others, Defendants, and OTTO ROSENTHAL and Others, Appellants.— In an action brought by stockholders on behalf of a corporation, order denying appellants' motion to dismiss certain portions of the complaint for failure to state facts sufficient to constitute recoverable claims, in so far as appealed from, affirmed, with ten dollars costs and disbursements. The record is insufficient to decide the contention raised with respect to failure to plead the foreign law, and by this decision that contention is left open and undecided. On the facts presently appearing, the complaint states a cause of action based on acts committed within the jurisdiction. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

ALVA J. SPATCHILL, Respondent, v. PARK CIRCLE ROLLER RINK, INC., and ROLIP REALTY CORPORATION, Appellants.— In a proceeding supplementary to execution, the judgment debtor and a third party appeal from separate orders directing their examination on a day certain. Orders affirmed, with ten dollars costs and disbursements on each appeal, the examinations to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.