Louisa D. Valle, Plaintiff, *v.* Santo Holding Corporation et al.,
Defendants.

City Court of New York, Trial Term, New York County, March 30, 1943.

*Sol Douglas* and *Sol Daniel* for plaintiff.

*Alfred E. Santangelo* for defendants.

Carlin, J. Decision was reserved at the close of plaintiff's and of the entire case on motions by defendant Santo Holding Corporation to dismiss the complaint. The plaintiff claimed that she fell on the top step of the flight of steps leading down from the floor on which she lived in a multiple dwelling; she stated her accident happened about 6:30 p. m. when a bulb in the hall was concededly unlit. The sun set at 5:35 p. m. (Eastern Standard Time), 6:35 p. m. (Eastern War Time), so that the accident is claimed to have occurred slightly before sundown. Plaintiff's witness, Bolella, testified to the accident's happening about 6 p. m., approximately one-half hour before sundown; the hall was in comparative darkness, although there was a window on the stairs addressed to the courtyard through which partial light entered the hall. To find defendant liable under the circumstances would be to disregard a statutory provision regarding the time for a landlord to supply artificial light. Section 40 of the Multiple Dwelling Law prescribes the time between sunset and sunrise as the period during which the landlord is so obli-

gated; the court cannot enlarge the time by liberal interpretation, as the statute is in derogation of the common law and must be strictly construed. In this case sundown was at least five minutes after plaintiff claims she fell and about one-half hour after her witness testified to the accident; in either case it preceded the time when the statutory obligation to provide artificial light began. (Multiple Dwelling Law, § 40.) In *Grafstein* v. *Santini Storage Co., Inc.* (26 N. Y. S. 2d 125, affd. without opinion Supreme Court, Appellate Term, First Department, N. Y. L. J., June 10, 1941, p. 2776), the question before the court involved the construction of subdivision (d) of section 118 of the General Business Law relative to a sale by a warehouseman for unpaid storage charges for goods left in his charge. The statute provided for at least fifteen days' notice from the time of first publications; the facts disclosed that the sale took place after a lapse of fourteen days. The court held that the warehouseman was liable for his failure to strictly comply with the statutory requirement. At page 126 it is said: " To hold that fourteen days is a substantial compliance in this case might lead to holding thirteen, twelve, or eleven days perfectly proper in other cases. By the same argument the time might be reduced to a day or two depending on the circumstances which a warehouseman might urge as calling for liberality of construction. A statute such as this is not enacted for judicial emasculation; a duty is imposed by the legislature upon the court to interpret the statute in its language and intendment." By similar reasoning, the court is powerless to read into the aforesaid section applicable to this case any language or intendment by which the defendant might be held liable. If the Legislature specifically enacted that the lights should be maintained for some time preceding sunset the courts would be compelled to follow. The statute sets forth that the duty exists " from sunset until sunrise ", the court must adhere to those as the times between which the landlord must observe the legislative mandate. No other section of the Multiple Dwelling Law is involved on the facts adduced at the trial. In the court's opinion the plaintiff herself, under all the circumstances, was guilty of contributory negligence as a matter of fact.

The aforesaid motions by defendant Santo Holding Corporation to dismiss the complaint are granted with exception to plaintiff. Ten days' stay and thirty days to make a case on any judgment for costs which defendant may enter.