PAUL KIMBAR, an Infant, by HARRY KIMBAR, His Guardian ad Litem, et al., Respondents, *v.* ISIDORE ESTIS et al., Individually and as Copartners Doing Business as CAMP STAR CREST, Appellants.

First Department, February 14, 1956.

*Alfred V. Norton, Jr.,* of counsel (*Evans, Orr, Walsh, Gourley & Pacelli,* attorneys), for appellants.

*Simon S. Panush* of counsel (*Louis Tuchman* with him on the brief), for respondents.

BOTEIN, J. Paul Kimbar, age fourteen, was a camper at a children's camp operated by defendants. At about nine o'clock one August evening, when it was quite dark, he left the recreation hall to go to his bunkhouse. He walked down two or three steps leading from the porch of the recreation hall to a pathway, somehow strayed off the path, collided with a tree and fractured his nose.

It is undisputed that this path was a well-beaten one, in constant use for years and wide enough to permit two people to walk abreast. The tree into which Paul walked was about two or three feet off the path, and, very significant here, only three to five feet from the porch steps leading into the recreation hall. The recreation hall was brilliantly lit, and several windows faced the path.

The tree — '' so innocent and harmless, yet so savage '' — was about six feet high.

No claim was made in the complaint or during trial of lack of supervision or improper supervision on the part of defendants. Plaintiffs' claim is based exclusively on defendants' alleged negligence in failing to provide proper lighting facilities for the path. The case was submitted to the jury upon this theory in the City Court, and the judgment entered upon the jury's verdict in favor of plaintiffs has been affirmed unanimously by Appellate Term.

We believe plaintiffs have failed to prove a case on this theory. Therefore, we need not explore the unlikelihood that a boy who had attended the camp for a full season and a half, while walking so sedately, would wander several feet off a well-beaten path before he had traversed it for more than five feet.; or that contact with the tree under such circumstances would be forcible enough to cause a fracture of the nose.

Defendants were under no statutory duty to illuminate the exterior area of the camp. Nor, in the absence of proof of any defective condition, or of any peculiar or unusual hazard, did they owe such a duty at common law to their campers (*Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *McCabe* v. *Mackay*, 253 N. Y. 440; *Owen* v. *Westchester Country Club*, 264 App. Div. 796, affd. 289 N. Y. 819; *Scully* v. *State of New York*, 279 App. Div. 964, affd. 305 N. Y. 707; *Duncan* v. *State of New York*, 279 App. Div. 970).

There was no characteristic of this tree, nothing in its size, shape or location, that would present an unusual or peculiar hazard. In fact, there was no circumstance that could reasonably and foreseeably mark it as a source of danger to pedestrians using the nearby pathway in the dark. Paul came to the camp presumably to enjoy his summer vacation in the country, away from the steaming city pavements; and trees are as indigenous to the countryside as sidewalks are to a city. It is likely that his parents would have felt cheated if they had visited the camp and seen no trees.

There was evidence that defendants had set up two searchlights which illuminated the path. Plaintiffs contend that this constitutes proof that defendants recognized the unusual dangers lurking in and about the pathway at nighttime; and that such recognition was some proof of unusual hazards. It is clear that the searchlights were used only on certain rare occasions, and never during routine camp activities such as Paul was engaged in when he met with the accident.

The determination and judgment appealed from should be reversed and judgment should be directed to be entered dismissing the complaint, with costs.

RABIN, J. (dissenting). We think that the questions of negligence and contributory negligence were for the jury to pass upon. It cannot be said that there was no negligence as a matter of law — particularly where the defendants were not merely owners of the property but were engaged in operating a camp for children. In that capacity they were charged with the duty of maintaining the premises in a reasonably safe condition for the use of the children. That defendants foresaw the possibility of an accident such as that which occurred, is evident by the fact that they maintained lighting fixtures sufficient to illuminate the path. However these lights were not on at the time of plaintiff's accident.

154

In the circumstances the jury's verdict should not be disturbed even though we might have reached a different conclusion on the conflicting testimony.

The judgment of the City Court and the order of affirmance by the Appellate Term should be affirmed.

BREITEL, J. P., and BERGAN, J., concur with BOTEIN, J.; RABIN, J., dissents and votes to affirm in opinion, in which BASTOW, J., concurs.

Determination and judgment of affirmance reversed, with costs to the appellants in this court and in the Appellate Term, the judgment entered in the City Court, Bronx County, May 19, 1954, vacated, and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs.