In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from a judgment entered on a jury verdiet in favor of the adminis-tratrix. The intestate, a tenant in appellants’ building, was injured when he fell down an outside stairway appurtenant to said building, which injury it is alleged caused his death. There was testimony that the accident happened about 8:00 p.m. on October 6, 1951, that the intestate was accompanied by the administratrix and that the stairway was inadequately lighted and had no handrail. Judgment reversed on the law, with costs, and complaint dismissed. The findings of fact are affirmed. No claim was made or established that appellants violated any statutory duty. At common law “there is no duty of an owner to light common ways absent some defective condition, unusual hazard or peculiar danger” (Kimbar v. Estis, 1 N Y 2d 399, 403; see, also, McCabe v. Mackay, 253 N. Y. 440, 233 App. Div. 101; Landes v. Barone, 283 App. Div. 207, affd. 307 N. Y. 867; Hirschler v. Briarcliff Management Corp., 275 App. Div. 422, affd. 300 N. Y. 680). The mere absence of a handrail on an exterior stairway is not a defective condition, an unusual hazard or a peculiar danger (see Indinali v. Lerner, 243 App. Div. 735; cf. Landes v. Barone, supra).
Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.