■  VERONICA KIERNAN, Respondent, v. ROMAN CATHOLIC CHURCH OF ST. JOHN THE EVANGELIST, Appellant.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered February 18, 1960, in New York County, upon a verdict rendered at a Trial Term.

MEMORANDUM BY THE COURT. Judgment reversed, on the law and o.: the facts, verdict vacated and complaint dismissed, with costs to defendant-appellant. The undisputed proof with respect to the stairway showed no defect and no "peculiar" danger of which defendant church was obligated to give warning. Consequently, there was no evidence to bring this case within any of the recognized exceptions to the general rule that the owner of a building is under no duty, in the absence of statute, to illuminate an exterior stairway (see *McCabe v. Mackay*, 253 N. Y. 440; *Flanagan v. Rosoff*, 260 App. Div. 776). Even though the church had previously provided lighting for the stairs, plaintiff could not claim reliance thereon because she knew before she left the church that the lights were off. The rule which states that an owner has no duty to illuminate exterior ways for the benefit of invitees, or of others, embodies within it the proviso: "in the absence of defective conditions, or conditions of peculiar danger" (*McCabe v. Mackay, supra*, p. 442). Hence, it does not advance the analysis to emphasize that the rule has exceptions. In *Grant v. United States* (271 F. 2d 651), the rule was precisely thus expressed, the court holding it could not say that unlit stairs descending to an entrance below ground level did not create a "peculiar hazard, defect or danger". This is a far cry, indeed, from permitting a jury to find that stairs, of a gray color, in good condition, leading from a church vestibule to the sidewalk, if unlit, constituted a "peculiar hazard, defect or danger", or that they presented a "defective condition" or one of "peculiar danger". On the contrary, such stairs are most common with respect to churches other than those whose vestibules are at street level. *Green v. Church of Immaculate Conception* (248 App. Div. 757) is quite beside the issue. That case involved an interior vestibule containing a sequence of stairs and a landing. It was on this interior stairway that Miss Green fell and injured herself while sidling over to grasp the available handrail. The rule which applies to exterior stairways and common ways has no application to such a situation, either by its terms or as a matter of policy. Of course, the circumstance that defendant church chose to light the stairway must, as a matter of policy, be deemed immaterial. For otherwise one would penalize with extraordinary liability, that is, liability beyond that imposed by the rule laid down in the cases (*McCabe v. Mackay, supra*; see, e.g., 25 A. L. R. 2d 496, Annotations; Injury to Tenant — Lighting, especially pp. 500–517), an owner who voluntarily does more than is required by the decisional standard of reasonable care. So,

too, plaintiff's argument that she relied on previous lighting must fail. When she came to church she noted that the lights were not on, and she noted the same when she left the church, but, nevertheless, did not even use the available handrail to assist her in traversing the stairs to the street. As between her and the church the law says the church was not careless merely because it failed this once to use extraordinary care while she, on the other hand, could have been found by a jury to be careless in not using the handrail when she knew the lights were off.

EAGER, J. (dissenting). The evidence presented here would, in my opinion, justify a finding by the trial jury of negligence on part of defendant and freedom of contributory negligence on plaintiff's part. The plaintiff, a 76-year-old woman, was injured as she descended the exterior stairs of defendant church on leaving same at about 9:00 P.M. on March 19, 1958, after attending Lenten Services therein. Under the evidence, the jury could have found and undoubtedly did find that upon reaching the second step from the bottom, the plaintiff, because of dimness in lighting upon the steps, mistook this second step from bottom for the last step and stepped off in that belief, and fell to the sidewalk, resulting in her injury. It appeared from the testimony of the plaintiff and of the Monsignor in charge of the church that the lighting was poor, and, with the tread of the steps and the sidewalk of the same grayish stone color, it is reasonable to assume that the accident happened as claimed by plaintiff.

Now, it appears that, some long time prior to the accident, the defendant church had installed lights for the purpose of lighting the exterior steps, and that it was the duty of the employees, when the doors of the church were opened for evening services, to turn on the lights. On the night of the accident, however, the particular light lighting the steps where plaintiff fell was not on. The evidence in this connection would support a finding that the particular light had not been turned on by the employee whose duty it was to turn it on or that, if it had been turned on, it was not working, which fact the employee of defendant knew or should have discovered and corrected in the exercise of reasonable care.

Concededly, it is well settled that, at common law, there was no general duty on part of an owner to light common ways and exterior stairs, absent some defective condition, unusual hazard or peculiar danger; and that such rule is followed in this State. (See *Kimbar* v. *Estis,* 1 N Y 2d 399, 403, and cases cited; also *Bohlig* v. *Schmitt,* 5 A D 2d 1002, affd. 5 N Y 2d 885; *Hirschman* v. *Hirschman,* 4 A D 2d 630; *McCabe* v. *Mackay,* 253 N. Y. 440.) Clearly, however, this is but a general rule, and it may yield to an exception under special circumstances which may dictate that the lighting of exterior stairs is required in the exercise of ordinary care.

The plaintiff here had the status of an invitee to the premises of the defendant church, and, without question, the defendant owed to her the duty of exercising reasonable care to provide a reasonably safe means of ingress to and egress from the premises. (*Green* v. *Church of Immaculate Conception,* 248 App. Div. 757; 65 C. J. S., Negligence, p. 538.) In determining what was required of defendant in the exercise of reasonable care, it must be borne in mind that the defendant, as a church, in effect extends an invitation to the public at large to attend its services. It must be considered to have been well aware that the steps leading to the church would be used by the aged and infirm as well as by the young and vigorous; and that some would come to and leave the church with hands fully occupied with personal effects and paraphernalia which churchgoers are prone to carry. Too, it was necessarily aware that the steps would be exposed from time to time to the vagaries of the weather, and, in the evening, to changes in lighting, including intermittent shadowing.

Here, it could be found that the defendant in the anticipation of the happening of accidents such as the one to plaintiff, did install lighting which would reflect upon the steps. The proper lighting was available. It was a simple matter to turn the lights on and to keep them in order, and no one can reasonably deny that ordinary care would dictate this for the benefit of parishioners attending evening service in the church. (Cf. *Grant* v. *United States*, 271 F. 2d 651.)

Each negligence case "depends upon its own peculiar circumstances." The care required of a defendant in a given case is "in proportion to the danger to be avoided and the consequences that might reasonably be anticipated from the neglect" (*Sadowski* v. *Long Is. R. R. Co.*, 292 N. Y. 448, 455). The duty as to care required under a given situation "is relative to time, place and circumstance" (*Sadowski* v. *Long Is. R. R. Co., supra*; *Caldwell* v. *Village of Island Park*, 304 N. Y. 268, 274). Certainly, in determining the extent of the duty of the defendant church here, we have a right to take into consideration the circumstances as they existed at the time of the accident, including the premises as they were with lights installed and usable.

Let us look at it this way. Let us suppose that the Monsignor, in charge of the church and responsible for the exercise of reasonable care for the protection of his parishioners, stood in the vestibule at the top of the steps as plaintiff, an elderly lady, did leave on the evening in question; that he noticed that the plaintiff, as she walked down the steps, was carrying a handbag and an umbrella and that he further noticed that there was poor lighting and dimness of the steps; and that, as he stood there watching the plaintiff, he had at hand a light to switch on which would shed a good light upon the steps, but he did not use the light at his command. Under these circumstances, it should be readily admitted that it would be a question of fact as to whether or not defendant had exercised the ordinary care owing this elderly invitee to protect her against a reasonably foreseeable danger. So, under the favorable inferences to be accorded the case established at bar, the defendant could be assumed to have knowledge of such facts as would be apparent to one standing in the vestibule at the time; and thus, it was clearly for the jury to say whether or not the defendant, in the exercise of ordinary care, would reasonably be expected to have foreseen the danger to some or all of its many parishioners in using the steps that evening and to have taken the precaution of utilizing the lighting facilities which were available as a part of its premises maintained for use for its parishioners.

Finally, plaintiff's use of the steps with knowledge that the lights had not been turned on would not amount to a waiver of defendant's alleged negligence in failing to exercise ordinary care for protection of its parishioners. Her proceeding that evening without reliance upon the lighting which was usually furnished the parishioners has a bearing upon the question of her alleged contributory negligence, but, inasmuch as it was necessary that she use these steps to exit from the church, her use of the same without the protection of the usual lighting would not as a matter of law bar a recovery. Issues of fact are presented which were to be decided by a jury. (See *Verduce* v. *Board of Higher Educ.*, 8 N Y 2d 928.)

In view of the foregoing, I see no prejudicial error raised by any exception to the trial court's charge, bearing in mind the particular wording of the exceptions and the rulings in connection therewith; and while a general practice of receiving demonstrative evidence, such as the specimen of the femur bone and the specimen of Smith-Petersen nail and wire, would not be approved, it does not appear that here the Trial Judge abused his discretion in receiving the particular items,

The judgment for plaintiff should be affirmed.

Breitel, J. P., Valente, McNally and Stevens, JJ., concur in Memorandum by the Court; Eager, J., dissents and votes to affirm in opinion.

Judgment reversed, on the law and on the facts, verdicts vacated and complaint dismissed, with costs to defendant-appellant.