■ GERTRUDE J. GALLAGHER et al., Respondents, v. ST. RAYMONDS ROMAN CATHOLIC CHURCH, Appellant.— Judgment of the Supreme Court, Nassau County, dated December 20, 1965, reversed on the law, without costs, and complaint dismissed. The findings of fact implicit in the jury's verdict are affirmed. The plaintiff wife was injured when she fell while leaving defendant's building after attending a meeting. The accident occurred at 11:15 P.M. The exterior lights, which would ordinarily illuminate the outside stairway and entrance, were not on. Plaintiff fell over a single step at the threshold of a recessed doorway leading to a landing at the top of an exterior stairway. The owner of a building is under no duty, in the absence of statute, to illuminate an exterior stairway unless conditions of peculiar danger exist which may call for special warning (*McCabe* v. *MacKay*, 253 N. Y. 440; *Kiernan* v. *Roman Catholic Church of St. John the Evangelist*, 11 A D 2d 997, affd. 10 N Y 2d 853). No statutory duty is alleged here. The only possible issue regarding a hazardous condition raised by the evidence and the only possible significant distinction between this case and *Kiernan* is whether a handrail was within reach of the plaintiff as she stepped down the single step. However, this factor is insufficient to constitute an exception to the rule. "The mere absence of a handrail on an exterior stairway is not a defective condition, an unusual hazard or a peculiar danger" (*Bohlig* v. *Schmitt*, 5 A D 2d 1002, affd. 5 N Y 2d 885). In our opinion, plaintiff was not entitled to rely on the fact that the lights were on when she entered the building or that the lights had usually been on when she left the building on previous occasions. Plaintiff knew that the lights were off before she left the building. Her testimony was that she saw that it was dark outside when she opened the door. Beldock, P. J., Ughetta, Brennan, Hopkins and Munder, JJ., concur.