Richard g. Lane, J.
Is evidence tending to show lack of adequate lighting on the .stairway where plaintiff fell and suffered serious injuries enough to get to the jury?
Defendants argue ££ No ” on their motion to dismiss at the end of plaintiff’s case citing Adamo v. De-Mar Realty Corp. (137 N. Y. S. 2d 280), and Valle v. Santo Holding Corp. (180 Misc. 673). On the present state of the authorities defendants’ position appears very strong, indeed.
The testimony revealed that plaintiff was a tenant in defendant’s multiple dwelling. Her fall took place between 3 and 4 o’clock in the afternoon and on the stairway between the third and second floors. The window on the landing afforded very little light because of an immediately adjacent building and, in any event, it was a very gloomy day outside. The artificial lighting fixtures had not been operating for some time. In plaintiff’s words, ££ It was pretty dark in there.” When she got up, she realized her clothes were wet and discovered water on the stairs.
There was no evidence of any actual or constructive notice to defendants with respect to the water on the stairs. There was no evidence of other defects in the stairs.
*275 Defendants denied that the artificial lights were out of order and maintained that the adjacent building was about six yards away so the window on the landing provided as much illumination as there could be from the outside. These, of course, would be questions of fact for the jury if the case should go that far.
Subdivision 2 of section 37 of the Multiple Dwelling Law requires artificial lighting on stairways between sunset and sunrise. It has not been violated, no matter what facts are eventually found here, because the accident clearly occurred before sunset. Subdivision 3 of section 37 of the Multiple Dwelling Law requires artificial lighting on fire stairways 24 hours a day unless there is a window opening to the outer air. It has not been violated because, even if this was a fire stairway as defined in section 4 (subd. 42, par. b) of the Multiple Dwelling Law (of which there is no evidence), concededly the exemption for a window is applicable here.
Nor does the common law seem to provide any assistance to plaintiff. As enunciated by no less eminent a jurist than Judge Cardozo in McCabe v. Mackay (253 N. Y. 440, 442) ‘1 At common law, an owner of a building does not owe a duty to his tenants to provide the common ways with artificial light, in the absence of defective conditions, or conditions of peculiar danger, that may call for special warning [citations].” It is not surprising to find Judge Caedozo’s interpretation of the common law reverently followed even into comparatively recent days (Adamo v. De-Mar Realty Corp., supra; see Bohlig v. Schmitt, 5 A D 2d 1002, affd. 5 N Y 2d 885; see Hirschler v. Briarcliff Mgt. Corp., 275 App. Div. 422, affd. 300 N. Y. 680).
I, however, find it shocking that a concept of law evolved when artificial lighting meant gas lighting and when the feudal nature of the landlord-tenant relationships had not yet begun to be questioned should remain to plague us in 1971. I find it shocking that a dark, yea even a pitch dark stairway, could be deemed compliance with a landlord’s general common-law duty to exercise reasonable care to keep in .safe condition those portions of the premises over which he retains control and which he permits and invites tenants to use. It makes a mockery of the Pattern Jury charges which we give time and time again.
Perhaps it is audacious to contemplate overruling Judge Cakdozo, but that is exactly what I intend here. Just as the bastions of privity, of hospital immunity, of no recovery for fright induced injuries, etc. have come crashing down in recent years, so must this one. It is in the finest traditions of the *276 common law to adapt and alter court made decisional law to produce common-sense justice in keeping with the times. Indeed in a way I am more comfortable that it is Cardozo announced law with which I am coming to grips. He would be the first to maintain that the law must move with the times (see MacPherson v. Buick Motor Co., 217 N. Y. 382, 391).
I am not unaware that discretion and a feeling for the orderly administration of justice generally leaves precedent-shattering decisions to courts of superior jurisdiction. However, Judge Keating and the Court of Appeals have already illuminated the path which I am following here when, in Gallagher v. St. Raymond’s R. C. Church (21 N Y 2d 554) they swept aside this very same archaic concept with respect to exterior lighting.
Motion is denied, and the case will be submitted to the jury.