CECIL LANDES, Respondent, *v.* VINCENT BARONE, Appellant.

Fourth Department, January 13, 1954.

*J. Carl Fogle* for appellant.

*Salem G. Mansour* and *Robert F. Hille* for respondent.

*Per Curiam.* Plaintiff recovered a verdict against the defendant in the sum of $3,215.45 in an action for personal injuries. The action arose when plaintiff fell from the porch when he was leaving a three-story house which had been converted into apartments, which building was owned by defendant. Plaintiff was a plumber who was familiar with the premises. On the evening of the accident he had entered the premises in daylight, returned to his home for supplies and re-entered the premises while it was still light. He knew that the porch did not have a railing extending all the way to the steps. There was a light fixture on the porch with the light switch in the inside hall. He did not attempt to turn on the switch but walked out on the porch when he was leaving the premises after dark and fell from the porch. There is no evidence that the light fixture on the porch was not in working order.

" At common law, an owner of a building does not owe a duty to his tenants to provide the common ways with artificial

light, in the absence of defective conditions, or conditions of peculiar danger, that may call for special warning." (*McCabe* v. *Mackay*, 253 N. Y. 440, 442.)

"The cases are clear that there is no common-law duty to provide artificial illumination to light stairways, halls, or other ways used in common in apartment houses, where there is no defective condition or unusual hazard to be exposed or made manifest by the light." (*Hirschler* v. *Briarcliff Management Corp.*, 275 App. Div. 422, 423, affd. 300 N. Y. 680.)

It is common knowledge that many houses have porches without railings and the construction of the porch where plaintiff fell as shown by photographs received in evidence is typical of numerous houses built some years ago with a "carriage entrance." As the porch presented no "defective condition or unusual hazard", we think plaintiff failed to establish any negligence on the part of the defendant in failing to have the porch lighted.

Even if we should hold that there was a question of fact for the jury as to whether or not the condition of the porch was a dangerous condition, we would be required to reverse the judgment and order a new trial as we think the jury was not adequately instructed on the applicable rules of law. We also find errors in the court's rulings on admission of evidence.

However, as there was no violation of a statutory duty, and we find no common-law negligence on the part of the defendant, the judgment should be reversed and the complaint dismissed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.