LILLIAN HIRSCHMAN et al., Respondents, *v.* AARON HIRSCHMAN, Appellant.

First Department, December 3, 1957.

*John Nielsen* of counsel (*John P. Smith,* attorney), for appellant.

*Ralph A. Matalon* of counsel (*Matalon & Schachter,* attorneys), for respondents.

BREITEL, J. Defendant appeals, in a personal injury negligence action, from a verdict and judgment in favor of plaintiffs after a jury trial in the Municipal Court. The judgment was unanimously affirmed, without opinion, in the Appellate Term, and this court granted leave to appeal.

Plaintiff wife sustained relatively minor injuries in a fall from an exterior stairway of a private dwelling located in the city of Yonkers, New York. She and her husband were visiting the husband's brother, defendant in this case, whose home the private house was. The stairway consisted of two flights of six and eight steps, respectively, separated by a short landing or platform. The accident occurred at night and the only illumination was a small light on the house porch. Plaintiffs had visited this home some 20 to 21 times during the seven years that their relative occupied it. During those visits the stairway was used by plaintiffs. The use sometimes occurred at night and at other times during the daytime. There evidently had never before been any untoward event.

The gravamen of the case is the alleged maintenance of a dangerous condition, tantamount to a trap, in that the handrail for the stairway did not extend down past the last step but, indeed, extended only to the next to the last step. Apart from this, no defect or other dangerous condition of construction or maintenance of the stairway is charged. Plaintiff wife fell when she reached the very last step, without being able, as she said, to see it and by her having assumed that the railing continued.

It is not disputed in this case that plaintiff wife, as a social guest, was a licensee to whom there was owed only the duty to maintain the premises free from traps, hidden dangers, or

wanton and reckless conduct to which licensee may be exposed, unless the latter is first warned. It is well established that a licensee, such as a social guest, takes the premises as he finds them; and he is entitled to no greater protection than a member of the occupant's household. (See *Wilder* v. *Ayers,* 2 A D 2d 354, affd. 3 N Y 2d 725.)

The trial court properly charged the jury that plaintiff wife was a licensee. In this connection, it also charged that plaintiffs contended that defendant had maintained a trap, but it went on to say that if this be so, then defendant owed a duty of ordinary care with respect to the condition of the handrail and the light. These statements are not consistent. If there was a duty of ordinary care, the concept of a trap is irrelevant. If, on the other hand, as to a licensee (to whom, as has been said, a duty of ordinary care does not exist) there was a trap, then there would remain only a duty to warn, as distinguished from the obligation expressed in the duty of ordinary care. This, in fact, is one of the salient differences between the duties owed by an occupant to a licensee as distinguished from those owed to an invitee. To this charge defendant properly took exception. Hence, at the very least, a new trial would be required.

However, on any view of the evidence, plaintiffs have failed to make out a case. Even if it be assumed, and it is doubtful that such assumption is valid, that with respect to a private home the failure to extend a handrail on a stairway to the last step might constitute a trap, unless the user were warned thereof, the evidence in this case completely controverts lack of knowledge by plaintiff wife. The same evidence, on the other hand, negatives a duty by the landowner or occupant to give warning. Plaintiff wife must have used this stairway at least twice as many times as she had visited the house. It is obvious that such use would not be consistent with ignorance of any unusual construction of the stairway and its handrail, or of any trap in connection therewith. Moreover, such repeated use by plaintiff wife, known to the owner or occupant, certainly negatived his obligation to warn his sister-in-law that the handrail went only to the 13th step and not past the 14th step of the stairway. He had every right to assume that her knowledge of the condition of the stairway was complete. Consequently, on no view of the evidence could a jury properly find the defendant liable for the maintenance of a trap, with respect, at least, to these plaintiffs.

Defendant makes the further contention that there is no duty on the part of an occupant or landlord to maintain special, or any lighting, with respect to an exterior stairway. (See, e.g.,

*McCabe* v. *Mackay*, 253 N. Y. 440; *Hirschler* v. *Briarcliff Management Corp.*, 275 App. Div. 422, affd. 300 N. Y. 680; *Landes* v. *Barone*, 283 App. Div. 207, affd. 307 N. Y. 867; cf. *Kimbar* v. *Estis*, 1 N Y 2d 399.) But of course, this question need not be reached.

Accordingly, the verdict and judgment in favor of plaintiffs should be reversed, as a matter of law, and the complaint dismissed, with costs to defendant-appellant.

PECK, P. J., BOTEIN, RABIN and VALENTE, JJ., concur.

Determination appealed from and the judgment of the Municipal Court be and the same are hereby, in all things, reversed upon the law and the facts, and the complaint dismissed as a matter of law, with costs in this court and in the Appellate Term, and judgment is directed to be entered in favor of the defendant dismissing the complaint, with costs.