■ WILLIAM G. LEWIS et al., Appellants, v BAMA HOTEL CORPORATION et al., Respondents. [745 NYS2d 627] —Crew III, J.P.

On the evening of March 8, 1999, plaintiff William G. Lewis

and his wife went to Denny's Restaurant in the City of Cortland, Cortland County, for dinner. Upon leaving the restaurant, Lewis slipped and fell on a patch of ice in the parking lot sustaining injuries to his right shoulder and arm and his back. As a consequence, Lewis and his wife, derivatively, commenced this personal injury action against defendants. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the ground that they lacked actual or constructive notice of the icy condition and did nothing to affirmatively create such condition. Supreme Court granted the motion and this appeal ensued.

We affirm. It is axiomatic that defendants cannot be subject to liability unless plaintiffs demonstrate that defendants either created the complained of condition or had actual or constructive notice thereof and an opportunity to remedy it (*see, Herbst v Nevele Country Club*, 251 AD2d 864). This they failed to do. Plaintiffs testified that they entered and exited the restaurant by the same route and did not see the alleged ice patch upon which Lewis fell. Indeed, Lewis's wife testified that the alleged ice patch was not present when they entered the restaurant and must have formed while they dined, a period of less than one hour. Moreover, Lewis described the patch as "black ice," a term commonly used to describe ice that is difficult to see (*see, Golonka v Saratoga Teen & Recreation of Saratoga Springs*, 249 AD2d 854, 856).

The foregoing proof makes clear that the alleged icy condition was not visible and apparent or in existence for a sufficient period of time to permit defendants to discover and correct it. While Lewis indeed testified that upon entering the parking lot he observed scattered patches of hard-packed snow and ice, such would suffice only to provide a general awareness that a dangerous condition might exist, which is insufficient to establish constructive notice of the injury-producing condition (*see, Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 660). Accordingly, defendants' motion for summary judgment dismissing the complaint was properly granted.

Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.