■ PATRICIA CARDINALE et al., Respondents, v WATERVLIET HOUSING AUTHORITY, Appellant. [754 NYS2d 728] —Crew III, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 10, 2002 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Patricia Cardinale and her spouse, derivatively, commenced this action seeking to recover for injuries allegedly sustained when she slipped and fell on ice on a walkway of an apartment complex owned by defendant. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint contending that it neither created the allegedly hazardous condition nor had actual or constructive notice thereof. Supreme Court denied defendant's motion and this appeal ensued.

We reverse. Plaintiffs bore the burden of demonstrating that defendant either created the icy condition allegedly existing on the walkway in question or had actual or constructive notice thereof (*see Lewis v Bama Hotel Corp.*, 297 AD2d 422, 423). This they failed to do. The record demonstrates that on the day of the accident, Cardinale drove to defendant's apartment complex to visit her mother, whereupon she observed "scanty * * * patches" of ice and snow, particularly along the edge of the walkway. Cardinale entered her mother's apartment without incident, and both Cardinale and her mother successfully negotiated the walkway when they exited and then returned to the apartment later that day. It was not until Cardinale's fourth trip across the walkway that she fell and observed what she described as a "fine slippery * * * very thin layer of * * * black ice."

In our view, the foregoing proof establishes nothing more

than defendant failed to remove *all* of the snow and ice from the subject walkway, an omission that this Court previously has held does not constitute negligence (*see Gentile v Rotterdam Sq.*, 226 AD2d 973, 974). There is nothing in the record to suggest that defendant's snow removal efforts created or exacerbated a hazardous condition, and plaintiffs' suggestion that the ice may have been the product of runoff from a nearby roof is based upon pure speculation (*see Gam v Pomona Professional Condominium*, 291 AD2d 372). As to the issue of notice, defendant's maintenance supervisor averred that he personally inspected the walkway on the day of the accident and observed no accumulation of snow or ice. Thus, plaintiffs' contention that defendant had actual notice of the offending condition is unavailing. With regard to the issue of constructive notice, plaintiffs again offered little more than surmise to support their claim that the black ice, "a term commonly used to describe ice that is difficult to see" (*Lewis v Bama Hotel Corp.*, *supra* at 423), existed for a sufficient period of time to permit defendant to discover it and remedy the condition. As this Court repeatedly has held, a general awareness that snow and ice may accumulate or is present is insufficient to provide constructive notice of the injury-producing condition (*see id.*; *Orr v Spring*, 288 AD2d 663, 664; *Chapman v Pounds*, 268 AD2d 769, 770-771). Accordingly, Supreme Court's order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.