■ GREGORY W. STODDARD, Respondent-Appellant, v G.E. PLASTICS CORPORATION, Appellant-Respondent. [784 NYS2d 195]—

Carpinello, J. Cross appeals from an order of the Supreme Court (Reilly, Jr., J.), entered February 27, 2004 in Schenectady County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

In the early morning hours of January 22, 2001, plaintiff, a security guard employed by Pinkerton Security, slipped on a small patch of black ice while patrolling the grounds of defendant's Albany County manufacturing facility. While much of the 700-acre facility is undeveloped, approximately 70 acres are improved with 26 parking lots and walkways, six miles of paved roads and numerous buildings, chemical facilities and warehouses. According to plaintiff, at about 4:35 A.M. on the morning in question, he pulled up to the rear entrance of the AP Catalyst Building, stepped out of his truck onto a black-topped surface and slipped on a patch of black ice that was about 1½ to 2 feet long and 1½ feet wide. Prior to taking that first step, he did not "see anything that appeared to be slippery or dangerous or icy." At issue in this action to recover for plaintiff's resulting injuries is an order of Supreme Court denying defendant's motion for summary judgment and denying

plaintiff's request for further discovery.[1] Finding that Supreme Court erred in denying defendant's motion in its entirety, we now reverse.

In moving for summary judgment, defendant made a prima facie showing that it neither created nor had actual or constructive notice of the ice condition that caused plaintiff's fall (*see Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666 [2003]; *Lewis v Bama Hotel Corp.*, 297 AD2d 422, 423 [2002]). It was established that the black ice patch was small and unapparent, even to plaintiff himself as he exited his vehicle (*see Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444, 445 [2002]; *Smith v State of New York*, 260 AD2d 819, 820-821 [1999]). To this end, we note that black ice is, by its very nature, difficult to see (*see Cardinale v Watervliet Hous. Auth.*, supra at 667; *Lewis v Bama Hotel Corp.*, supra; *Golonka v Saratoga Teen & Recreation of Saratoga Springs*, 249 AD2d 854, 856 [1998]). Moreover, no evidence was offered establishing how this black ice formed (*compare Migli v Davenport*, 249 AD2d 932, 933 [1998]). Plaintiff testified that there had been no snowfall within the 24-hour period prior to his fall and that there were no snowdrifts in the vicinity of the AP Catalyst Building on the night of his fall.

In attempting to raise an issue of fact precluding summary judgment, plaintiff relied on evidence that, sometime after 8:15 P.M. on the night before his fall, an employee of defendant had told the Pinkerton security guard then on duty that there were icy conditions at a turnstile in the *front* of the AP Catalyst Building and on some of the perimeter roads.[2] This information, plaintiff claims, was then passed on to the lead member of defendant's snow and ice removal crew. Even accepting the truth of these facts, they do not establish either constructive or actual notice of the black ice condition in the *rear* of the AP Catalyst Building where plaintiff fell. Moreover, it is well settled that general awareness that an icy condition might exist is not sufficient, without more, to constitute notice of a particular condition (*see Lewis v Bama Hotel Corp.*, supra; *Smith v Smith*, 289 AD2d 919, 921 [2001]; *Smith v State of New York, supra*). Thus, Supreme Court should have granted defendant's motion for summary judgment in its entirety and dismissed the

---

1. Supreme Court concluded that no issue of fact had been raised concerning whether defendant affirmatively created the black ice condition or had constructive notice of it, but that an issue of fact had been raised concerning actual notice.

2. Speculative conclusions recorded in an incident report prepared hours after the incident did not create an issue of fact on either constructive or actual notice.

complaint (*see Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540 [2003]; *Carricato v Jefferson Val. Mall Ltd. Partnership, supra*; *Smith v Smith, supra*).

Finally, defendant's remaining argument in support of dismissal of the complaint is rendered academic by our decision. Plaintiff's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs to defendant, motion granted and complaint dismissed.