MAREK MOKSZKI, Appellant, v LORING G. PRATT et al., Respondents. [786 NYS2d 222]—

Cardona, P.J. Appeal from an order of the Supreme Court (Stein, J.), entered January 30, 2004 in Greene County, which granted defendants' motion for summary judgment dismissing the complaint.

On January 12, 2002, at approximately 9:00 P.M., plaintiff slipped and fell while descending a set of stairs which led from a porch to the ground in front of a building where he rented an apartment in the Town of Tannersville, Greene County. According to plaintiff, the accident was caused by snow and ice on the steps, as well as a defective stair railing which did not extend to the ground but ended on the second step from the bottom. Plaintiff commenced this action against defendants, the owners and lessors of the building, to recover damages for his injuries. In moving for summary judgment, defendants argued, inter alia, that they were out-of-possession landlords who had no duty to maintain the property in a reasonably safe condition. However, for purposes of the summary judgment motion only, Supreme Court assumed that defendants did owe a duty to plaintiff but ruled, nevertheless, that defendants were entitled to summary judgment dismissing the complaint.

For defendants to prevail on their summary judgment motion, they are "required to establish as a matter of law that they maintained the property in question in a reasonably safe condition and that they neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]). With respect to plaintiff's claim that the accident was caused by a defective condition that defendants created, i.e., the handrail, plaintiff has not submitted any evidence, expert or otherwise, raising a question of fact in that regard. For example, there is no proof that the handrail violated any building codes (*see Hill v Cartier*, 258 AD2d 699, 700 [1999]). Instead, plaintiff asserts that, because the handrail does not reach to the bottom of the staircase, it is defective and constitutes a trap. Given, inter alia, plaintiff's familiarity with the staircase in question, his allegation is unpersuasive (*see Hirschman v Hirschman*, 4 AD2d 630, 632 [1957]). Additionally, there was no proof submitted tending to show that defendants had actual or constructive notice of any problem with the handrail. There is no evidence that defendants ever received complaints regarding the handrail (*see Pulley v McNeal*, 240 AD2d 913, 914 [1997]) or that, prior to this accident, plaintiff or others had difficulty negotiating the steps because of the handrail's condition (*see Richardson v Rotterdam Sq. Mall, supra* at 681).

Turning to plaintiff's contention that defendants should be liable due to the presence of snow and ice on the steps which caused him to slip and fall, we note that, "for a landlord to be held liable for a defective condition upon the premises he must have actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he should have corrected it" (*Putnam v Stout*, 38 NY2d 607, 612 [1976]). In order to demonstrate constructive notice, there must be "a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]).

Here, in support of their motion, defendants submitted the deposition testimony of defendant Loring G. Pratt, who stated that, along with being an owner, he also served as superintendent of the building. According to Pratt, although he sometimes did the snow shoveling, neither plaintiff nor any other tenant made any complaint concerning ice or snow on these steps. Defendants also produced plaintiff's statement that he did not recall any snow falling during the four days prior to this accident and never made a complaint about snow or ice to

defendants. Such proof is sufficient to meet defendants' initial burden of establishing that they did not have actual or constructive notice of the snowy and icy condition (*see Robinson v Albany Hous. Auth.*, 301 AD2d 997, 998 [2003]).

In opposition to defendants' motion, plaintiff submitted, inter alia, portions of deposition transcripts, photographs of the premises, an affidavit of plaintiff and the witness statement of a neighbor. None of the materials created a factual issue as to defendants' actual or constructive knowledge of the alleged snow and ice condition (*see Paolucci v Wood Gate Homeowners Assn.*, 238 AD2d 855, 856 [1997]). Accordingly, Supreme Court properly granted summary judgment to defendants.

The remaining arguments advanced by plaintiff have been examined and found to be unpersuasive.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.