◼ KATRINA A. BOUCHER, Respondent, v WATERVLIET SHORES ASSOCIATES, Appellant. [804 NYS2d 511]—

Kane, J. Appeal from an order of the Supreme Court (Hoye, J.), entered October 27, 2004 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff left her apartment at approximately 6:00 P.M. on a Saturday evening in February. She approached her car by walking along a sidewalk in her apartment complex, owned by defendant. The weather was cold but clear. There had been no precipitation since the prior Wednesday. Plaintiff did not observe any snow or ice on the sidewalk and did not believe it was wet. She returned home between 11:00 and 11:30 that night. There had been no precipitation in the ensuing hours. Plaintiff claims that when she approached her apartment on the same sidewalk, she slipped and fell on a patch of ice. On Monday morning, she reported the accident to defendant's office manager. Plaintiff later commenced this negligence action. Supreme Court denied defendant's motion for summary judgment dismissing the complaint. Defendant appeals.

Because the record fails to provide any evidence of notice to defendant, we reverse. It is undisputed that defendant did not create or have actual notice of any icy condition. To demonstrate that a landlord had constructive notice of a dangerous condition, plaintiff must prove that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit the landlord to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Mokszki v Pratt,* 13 AD3d 709, 710 [2004]). Defendant met its initial burden on its motion by showing that it had no constructive notice (*see Mokszki v Pratt, supra* at 710). It submitted plaintiff's deposition testimony averring that the sidewalk was free of ice at 6:00 P.M. that evening, no precipitation fell between that time and plaintiff's fall, and plaintiff did not see any ice before she fell; she only saw the ice after her fall. Defendant submitted a certified weather report establishing the lack of precipitation for days prior to, and including, the date of the accident. Finally, defendant submitted evidence that neither plaintiff nor anyone else complained of ice forming in this location as a result of snow melt on the date in question or at any other time.

After defendant made a prima facie showing that it had no

notice, the burden shifted to plaintiff to demonstrate a triable issue of fact regarding constructive notice. Plaintiff submitted her averments that she did not see any sand or salt on the sidewalk at the time of, or in the days leading up to, the accident. She also submitted a report from an engineer stating that there was a slight dip in the sidewalk near where plaintiff fell which could, under the right circumstances, cause water to pool in that area. In his opinion, based on plaintiff's explanation of the accident, water from thawing snow or ice probably pooled in that area and formed the ice which caused plaintiff's fall. Plaintiff additionally submitted the report of a meteorologist who averred that there was a freeze-thaw-refreeze cycle on the date of the accident.

Accepting plaintiff's evidence as true, there is still no proof of when the ice formed or that defendant had an opportunity to discover and remedy the situation. Plaintiff's meteorologist opined that the ice formed between approximately 8:00 P.M. and 9:00 P.M. It is unreasonable to require a landlord to discover ice within two to three hours of its formation on a late weekend evening when there is no precipitation, especially when that ice is not visible to people who were walking upon it (*cf. Lewis v Bama Hotel Corp.*, 297 AD2d 422, 423 [2002]). General awareness that icy conditions may exist is insufficient to establish constructive notice (*see Stoddard v G.E. Plastics Corp.*, 11 AD3d 862, 863 [2004]; *Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 667 [2003]). Based on the lack of notice to defendant, its motion for summary judgment should have been granted.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.