PAUL R. DiGRAZIA et al., Respondents-Appellants, v NADINE LEMMON, Appellant-Respondent. [813 NYS2d 560]—

Rose, J. Cross appeals from an order of the Supreme Court (McCarthy, J.), entered September 26, 2005 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for partial summary judgment.

On a clear winter morning, plaintiff Paul R. DiGrazia (hereinafter plaintiff) was delivering a five-gallon bottle of water that he had balanced on his shoulder when he fell on walkway steps while crossing defendant's yard. He and his wife, derivatively, commenced this action to recover for his resulting injuries, al-

leging that ice on the walkway and the absence of a handrail had caused him to slip and fall. Defendant moved for summary dismissal of the complaint on the ground that plaintiff testified at his deposition that, although he had seen ice and snow on the sides of the walkway before he fell, he had seen no ice where he was walking. Also, defendant and another resident averred that they had cleared a four-foot-wide pathway down the middle of the walkway, they walked it that morning before the accident and they had seen no ice there. Plaintiffs cross-moved for summary judgment on the issue of liability, relying in part on an affidavit submitted in support of the cross motion and in opposition to defendant's motion in which plaintiff stated that he saw ice on the walkway after he fell. Supreme Court found that defendant had neither actual nor constructive notice of the alleged ice, but nonetheless denied her motion because she had not eliminated the possibility that her failure to completely clear snow from along the sides of the walkway steps had created the ice upon which plaintiff allegedly slipped. Supreme Court also denied plaintiffs' cross motion. Plaintiffs and defendant now appeal.

We agree with Supreme Court that defendant's submissions met her initial burden of showing that she maintained her property in a reasonably safe condition and had no actual or constructive knowledge of the existence of the ice. As Supreme Court noted, defendant showed the absence of actual and constructive notice through evidence that defendant and another resident had previously cleared the walkway and its steps of ice and snow, neither one had observed any ice or snow in the walkway despite having traversed the length of it before plaintiff fell, and defendant received no reports of ice. Simply stated, there was no evidence that ice was visible in the traveled part of the walkway before plaintiff fell.

On this point, plaintiffs were required to present evidence that ice existed, and that it was visible and apparent and had existed for a sufficient period of time prior to plaintiff's fall to permit defendant to discover and remedy it (*see Boucher v Watervliet Shores Assoc.*, 24 AD3d 855, 856 [2005]; *Mokszki v Pratt*, 13 AD3d 709, 710 [2004]). Defendant's general awareness that icy conditions might have existed is insufficient to establish constructive notice of the specific condition that resulted in plaintiff's injuries (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Boucher v Watervliet Shores Assoc., supra* at 857). Although Supreme Court should have considered plaintiff's affidavit on the issue of the existence of ice where he slipped because it did not contradict his earlier testimony that

he had not seen it before he fell (*cf. Cole v Rothe*, 18 AD3d 1058, 1060 [2005]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]), the affidavit provides no evidence that the ice had been visible and apparent before he fell. The opinion of plaintiffs' meteorologist that any ice on the steps must have formed at least one day earlier also fails to shed any light on whether that ice was visible and apparent so as to permit discovery before the accident. Thus, we agree with Supreme Court that plaintiffs raised no question of fact as to actual or constructive notice.

We must disagree, however, with Supreme Court's view that the ice could have been created by defendant's failure to completely clear the sides of the walkway of snow which then could have melted and refrozen on the steps. Not only was this pure speculation, particularly since the court rejected the freeze/thaw hypothesis espoused by plaintiffs' meteorologist, but the supposed failure to clear would constitute nonfeasance on defendant's part rather than the affirmative negligence required to constitute creation of a dangerous condition (*see O'Brien v City of Schenectady*, 26 AD3d 655, 657 [2006]; *Agrusa v Town of Liberty*, 291 AD2d 620, 621 [2002]; *Kirschner v Town of Woodstock*, 146 AD2d 965, 966 [1989]; *see also Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142-143 [2002]). Significantly, plaintiffs do not allege that defendant's clearing of the walkway created piles of snow that then melted and refroze on the steps to produce the ice on which plaintiff fell (*cf. Grillo v Brooklyn Hosp.*, 280 AD2d 452, 453 [2001]; *Fezza v Rogers*, 167 AD2d 599, 601 [1990]). Thus, while plaintiffs have raised a question of fact as to the existence of ice, defendant's motion should have been granted and plaintiffs' cross motion was properly denied because they failed to establish that defendant created or had constructive notice of such ice.

Finally, regarding plaintiffs' alternate claim that the dangerous condition was created when defendant constructed her walkway steps without handrails and otherwise violated provisions of the New York State Uniform Fire Prevention and Building Code, we note that the Code was repealed prior to plaintiff's fall. In any event, the provisions cited by plaintiffs applied to buildings and exterior stairways adjoining a building at an exit (*see* 9 NYCRR former 606.3 [63] [v]; 651.1, 651.2, 713.1, 713.3, 1242.3), not steps in a walkway crossing the yard. Accordingly, Supreme Court should have granted defendant's motion.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion; mo-

tion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.