■ PATRICIA ANN RICHER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 108069.) [819 NYS2d 173]—

Cardona, P.J. Appeal from a judgment of the Court of Claims (Collins, J.), entered April 19, 2005, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

Defendant owns and operates Sunmount Developmental Disabilities Services Office, a large residential facility for mentally disabled persons in the Village of Tupper Lake, Franklin County. Claimant, an alcohol and substance abuse counselor with a nearby rehabilitation center, was working at an outpatient clinic at Sunmount in January 2002 when she slipped and fell on an icy driveway. She commenced this negligence action, seeking to recover for the injuries she suffered as a result of her fall. Following a bifurcated trial on the issue of liability, the Court of Claims found for defendant and dismissed the claim, prompting this appeal.

" 'In this nonjury case, we independently review the weight of the evidence presented and grant judgment warranted by the record giving due deference to the trial court's determinations regarding witness credibility' " (*Alternatives Fed. Credit Union v Olbios, LLC*, 14 AD3d 779, 780 [2005], quoting *Riggs v Benning*, 290 AD2d 716, 717 [2002]; *see Krafchuk v State of New York*, 250 AD2d 962, 964 [1998]). Having reviewed this record, we conclude that the claim herein was properly dismissed.

Claimant testified that, upon arriving at work at 8:00 A.M. on the day of her fall, she safely traversed the then-unplowed driveway by following the existing footsteps in the snow. Some five hours later, claimant exited the building and discovered that, although the driveway had been plowed, its surface had "a sheen" resembling a glass table top. Nonetheless, she attempted to cross the driveway by taking small, careful steps, but fell on the ice. Notwithstanding claimant's testimony that a ramp adjoining the driveway appeared to have been salted and cleared of ice, she offered no proof whatsoever that defendant had actual notice of the icy condition of the driveway itself (*compare Matthiesen v Adrian*, 306 NY 694, 695 [1954]). Likewise, claimant's proof, consisting of her testimony only, did not establish to any extent that the icy condition had existed for a sufficient length of time to permit defendant to become aware of and remedy the situation (*see DiGrazia v Lemmon*, 28 AD3d 926, 927 [2006]; *Boucher v Watervliet Shores Assoc.*, 24 AD3d 855, 857 [2005]; *Polgar v Syracuse Univ.*, 255 AD2d 780, 780 [1998]). Notably, defendant's "[g]eneral awareness that icy conditions may exist is insufficient to establish constructive notice" (*Boucher v Watervliet Shores Assoc.*, supra at 857; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]).

Nor did claimant establish that defendant failed to exercise reasonable care in clearing the driveway of snow and ice by affirmatively creating or exacerbating a dangerous condition (*see Gentile v Rotterdam Sq.*, 226 AD2d 973, 974 [1996]; *see also Glick v City of New York*, 139 AD2d 402, 403 [1988]; *compare Rector v City of New York*, 259 AD2d 319, 321 [1999]). Claimant offered no meteorological or other proof that the icy condition predated the snowfall which had occurred prior to claimant's fall, and her implication that defendant reexposed the ice by plowing the driveway is, thus, simple speculation. Under these circumstances, it cannot be said that defendant failed to exercise reasonable care in removing snow and ice from the area in question (*see generally Valentine v City of New York*, 86 AD2d 381, 386-387 [1982]).

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.