■ STEPHEN R. MARTIN, Respondent, v RP ASSOCIATES, Appellant. [830 NYS2d 816]—

Peters, J. Appeal from an order of the Supreme Court (McCarthy, J.), entered February 8, 2006 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant[1] owns property at 2120 Western Avenue in the Town of Guilderland, Albany County, the site of Regency Park Apartments (hereinafter the complex). The complex's employees are responsible for ground maintenance, including snow and ice removal. Plaintiff is a resident and lessee at the complex.

Plaintiff commenced this action to recover damages for the injuries he sustained when he slipped and fell on a patch of ice on February 9, 2004 at approximately 8:30 P.M. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal ensued.

For liability to be imposed upon a landowner for a slip and fall, it must be established "that the landowner knew, or in the exercise of reasonable care, should have known that a dangerous condition existed but, nevertheless, failed to remedy the situation within a reasonable time period" (*McCombs v Related Mgt. Co.*, 290 AD2d 681, 681 [2002]; *see Wimbush v City of Albany*, 285 AD2d 706, 706 [2001]). On the issue of constructive notice, it must be shown " 'that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action,' and a general awareness that snow or ice might ac-

---

1. By stipulation dated October 28, 2005, the action was discontinued against the other two defendants, Tri-City Rentals, LLC and Tri-City Rental Management Corporation.

cumulate is insufficient" (*Wimbush v City of Albany, supra* at 706-707, quoting *Boyko v Limowski*, 223 AD2d 962, 964 [1996] [citations omitted]; *see Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 667 [2003]; *Orr v Spring*, 288 AD2d 663, 664 [2001]).

Defendant proffered numerous documents in support of its motion, which included photographs of the area where plaintiff fell as well as the deposition testimony of Drake Forman, defendant's resident manager, who is responsible for snow and ice removal at the complex. Forman described the procedures employed by defendant for such removal, which included checks every morning at 8:00 A.M., providing that there was no snow. If ice was detected, the daytime crew[2] would check the entire complex and spread either calcium chloride or rock salt where necessary. The crew would then revisit those areas and remove the ice once the melting took place; Forman would inspect their efforts.

On the date of the accident, Forman identified Bryan Swint as the on-call supervisor who was responsible for the evening maintenance crew. Swint's affidavit explained that his routine was to inspect the entire premises between 7:00 P.M. and 7:30 P.M., with a follow-up by the evening crew for treatment when necessary. He, as well, would return to those ice patches that were treated to determine whether they needed to be scraped. Swint averred that "[a]t most, a treated piece of ice would remain for an hour or less before I would revisit it after completing my initial inspection." To the best of his knowledge, he followed that routine on the critical date, treating the disputed area with rock salt before 8:30 P.M.; no complaints were received from any residents on that evening.

Plaintiff's deposition testimony, also submitted by defendant in support of its motion, described the sidewalk where he fell as clear between 6:30 P.M. and 7:30 P.M., yet having "black ice" at approximately 8:30 P.M. which he noticed only after he fell. Plaintiff's description of the pictures that he took after the accident confirms that both the walkway and the areas on the side of the walkway where he fell appeared to be treated with rock salt. Plaintiff confirmed that he never made a complaint to the night maintenance personnel about the condition of the walkway prior to his fall. Acknowledging that black ice "is, by its very nature, difficult to see" (*Stoddard v G.E. Plastics Corp.*, 11 AD3d 862, 863 [2004]), we find that defendant satisfied its prima facie showing that it neither created nor had actual or constructive notice of the condition that caused plaintiff's

---

2. Forman testified that 14 people were working at this complex, for these purposes, on the day of the accident.

injuries *(see id.* at 863; *Cardinale v Watervliet Hous. Auth., supra* at 667).

With the burden shifted to plaintiff to raise an issue of fact, plaintiff proffered the affidavit of his meteorologic expert, Phillip Falconer, who opined, based upon the weather conditions existing between February 6 and 9, 2004, that the patch of "untreated" ice on which plaintiff fell "would have formed no more recently than two days prior to [p]laintiff's accident." While CPLR 4528 permits records of weather observations taken under the direction of the United States Weather Bureau to be prima facie evidence of the facts stated *(see* CPLR 4528), no climatological data was submitted in connection with Falconer's affidavit. For this reason, it lacks an adequate foundation and will not be considered *(see Moss v City of New York,* 5 AD3d 312, 312 [2004]; *compare Ioele v Wal-Mart Stores,* 290 AD2d 614, 615 [2002]). Had it been properly supported, we would have rejected it as speculative on the issue of notice *(see Orr v Spring, supra* at 665; *Borden v Wilmorite, Inc.,* 271 AD2d 864, 866 [2000], *lv denied* 95 NY2d 767 [2000]), especially since plaintiff's testimonial and documentary evidence indicates that the ice upon which he fell was, in fact, treated. Thus, defendant's motion for summary judgment should have been granted.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.