■ GEOFFREY A. GERFIN, an Infant, by DONALD R. GERFIN, JR., His Parent and Guardian, et al., Respondents, v NORTH COLONIE CENTRAL SCHOOL DISTRICT et al., Appellants. [838 NYS2d 265]—

Spain, J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 30, 2006 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

In January 2003, plaintiff Geoffrey A. Gerfin (hereinafter plaintiff) was a sixth-grade student at Southgate Elementary School, which is part of defendant North Colonie Central School District. Plaintiff, who had been outside at recess playing in the snow, was chosen by a school aide to return a metal cart containing sports equipment to the gymnasium. He entered the school and had pushed the cart approximately 30 feet down the hall when he slipped and fell, breaking his ankle. Thereafter, plaintiff and his father commenced this personal injury action. Defendants unsuccessfully moved for summary judgment and, on their appeal, we now affirm.

In order to prevail on a motion for summary judgment a de-

fendant landowner "is required to establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Alig v Parkway Parking of N.Y., Inc.*, 36 AD3d 980, 980 [2007] [internal quotation marks and citations omitted]; *see Mokszki v Pratt*, 13 AD3d 709, 710 [2004]). Here, plaintiff alleges that he slipped and fell in a pool of water that had formed when snow on children's boots—which were left outside of classrooms, lining the hall—melted and ran out into the center of the hall where plaintiff fell. Defendants, however, submitted affidavits from two teachers who traversed the hall within 25 minutes before plaintiff's fall, and that of the school custodian who inspected the hall immediately following the accident, all of which indicated that the floor was dry. As plaintiffs failed to allege any evidence that the school district had actual notice that the floor was wet at the time and place that plaintiff fell or that the water was "visible and apparent and existed for a sufficient period of time prior to the accident" to put defendants on constructive notice, we find that defendants met their burden of demonstrating, as a matter of law, that they lacked notice of the allegedly dangerous condition (*Boucher v Watervliet Shores Assoc.*, 24 AD3d 855, 856 [2005]; *see Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 666-667 [2003]).

Turning to the issue of whether defendants created the allegedly dangerous condition, defendants essentially rely on the aforementioned affidavits of the teachers and custodian to demonstrate that runoff from the boots in the hall had not created a dangerous condition and, alternatively, defendants assert that the school cannot be held accountable for a dangerous condition created not by school employees, but by students. Plaintiff's testimony that, after his fall, he noticed "a puddle of water underneath the boots and it started to come along the floor," combined with evidence that it was the practice within the school for students to leave their wet boots directly on the floor along the hall, is sufficient to raise a question of fact as to whether the school had a policy in place which created the allegedly dangerous condition (*see Dickerson v Troy Hous. Auth.*, 34 AD3d 1003, 1004-1005 [2006]; *Kappes v Cohoes Bowling Arena*, 2 AD3d 1034, 1035 [2003]).

Defendants also argue that they are entitled to judgment as a matter of law because plaintiffs failed to establish that the only possible cause of plaintiff's fall was the runoff from the boots lining the hallway. To the contrary, the fact that other causes might exist for plaintiff's fall establishes a question of fact as to

proximate cause which must be resolved by a trier of fact (*see Wood v Watervliet City School Dist.*, 30 AD3d 663, 664 [2006]; *Carson v Dudley*, 25 AD3d 983, 983 [2006]).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.