■ In the Matter of JOHN H., a Child Freed for Adoption. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; EUGENIA BRENNAN-HESLIN, as Law Guardian, Respondent. In the Matter of BRANDON R., a Child Freed for Adoption. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; EUGENIA BRENNAN-HESLIN, as Law Guardian, Respondent. [876 NYS2d 169]—

Kane, J. Appeals from two orders of the Family Court of Greene County (Lalor, J.), entered April 24, 2008 and May 6, 2008, which, in two proceedings pursuant to Family Ct Act article 10-A, among other things, granted the Law Guardian's cross motion for sanctions.

In these two permanency proceedings, the Law Guardian served petitioner with demands to produce documents and a deposition notice for its caseworker. Petitioner refused to comply. Upon the Law Guardian's motion to compel compliance, in February 2008 Family Court ordered that petitioner produce the caseworker and documents. Petitioner appealed and this Court recently affirmed (56 AD3d 1024 [2008]).

While that appeal was pending, the Law Guardian scheduled dates for document production and the deposition. Petitioner moved ex parte, by order to show cause, for, among other things, leave to reargue the February 2008 order. Family Court signed the order to show cause, setting a return date on the reargument motion but striking out all other substantive language. Petitioner did not produce any documents or appear at the deposition. The Law Guardian then cross-moved for sanctions against petitioner based upon its failure to comply with her

disclosure demands and the February 2008 order. The court denied petitioner's motion to reargue and granted the Law Guardian's cross motion, imposing sanctions of double the Law Guardian's counsel fees and disbursements. The court issued two orders, the first outlining its decision and the second setting the sanction amount of $15,300. Petitioner appeals from both orders.

Initially, petitioner argues that it was not required to comply with the Law Guardian's disclosure demands because they were improper, the February 2008 order requiring compliance was incorrect and that order was stayed. The attack on the February 2008 order and the disclosure demands was addressed in our previous decision, where we affirmed that petitioner was required to comply with the demands (*id.*). We also held that "the specific language of Family Ct Act § 1114 (a)—that the filing of a notice of appeal from a Family Court order does not give rise to a[n] [automatic] stay—abrogates the more general automatic stay provision of CPLR 5519 (a) (1)" (*id.* at 1026). As no stay was in effect, petitioner was obligated to comply with the Law Guardian's demands. Petitioner improperly refused to provide the demanded documents and produce its caseworker for the scheduled deposition, directly flouting the February 2008 court order.

Family Court properly determined to impose a monetary sanction against petitioner, but erred in setting the amount of the sanction. The determination to impose sanctions is sustainable pursuant to CPLR 3126.* That statute provides penalties for refusing to obey an order for disclosure or willfully failing to comply with legitimate disclosure demands. "CPLR 3126 authorizes the court to fashion an appropriate remedy, the nature and degree of which is a matter committed to the court's sound discretion" (*Pangea Farm, Inc. v Sack*, 51 AD3d 1352, 1354 [2008]; *see Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1175 [2008]). Although not specifically listed, a monetary sanction, including costs and counsel fees, may be imposed under the statutory language permitting any order that the court finds "just" (*see* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:11, at 474-476).

In the February 2008 order, Family Court declined to impose sanctions for petitioner's initial failure to comply with disclosure demands. It was entirely reasonable for the court to impose

---

* Family Court did not specify under which statute or regulation it was imposing sanctions, but, according to its orders, it appears that they were not imposed pursuant to 22 NYCRR part 130 or Judiciary Law § 753 (*see* 22 NYCRR 130-1.2, 130-1.3; Judiciary Law §§ 753, 773).

sanctions when petitioner thereafter refused to comply with the Law Guardian's demands that were specifically court ordered. When it signed the order to show cause on the motion to reargue, the court struck all language relating to a protective order, further signaling its view that petitioner must comply with the ordered disclosure. Petitioner did not seek a stay of the February 2008 order, instead insisting that it need not comply. Petitioner's willful behavior was ripe for sanctions.

In setting the amount of the sanction, however, Family Court provided a windfall for the Law Guardian. Rather than compensating her at the Law Guardian rate, the court gave her double her usual hourly rate and also doubled the amount of disbursements. While the court appropriately sanctioned petitioner for the unnecessary time related to its unreasonable actions, the court abused its discretion in setting the amount of the sanction. We substitute a proper sanction amount of $2,505, consisting of the reimbursement of disbursements, plus counsel fees calculated by multiplying the hours expended by the $75 hourly rate set for law guardians (see Family Ct Act § 245 [c]; Judiciary Law § 35 [3]).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reducing the amount of sanctions against petitioner to $2,505, and, as so modified, affirmed.