ALLISON PIERSON et al., Appellants, v NORTH COLONIE CENTRAL SCHOOL DISTRICT, Respondent. [903 NYS2d 795]—

Spain, J. Appeals (1) from an order of the Supreme Court (McDonough, J.), entered March 26, 2009 in Albany County, which, among other things, denied plaintiffs' motion to compel discovery, and (2) from an order of said court, entered July 28, 2009 in Albany County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

At about 8:00 A.M. on January 4, 2006, plaintiff Allison Pierson (hereinafter plaintiff) arrived at Forts Ferry School in Latham, Albany County, to drop off her six-year-old daughter. Plaintiff parked her car and then she and her daughter proceeded across the asphalt parking lot, traversing through a white-striped

walkway—about the width of an automobile—that leads to the concrete sidewalk that connects the parking lot to the school building. After exiting the school building to return to her vehicle via the same route, plaintiff slipped within the striped walkway causing her to fall and fracture her ankle.

Plaintiff and her husband, derivatively, commenced this negligence action in December 2006 without having served a notice of claim on defendant (*see* General Municipal Law § 50-e [1] [a]), but thereafter moved for and received permission from Supreme Court—by order dated May 29, 2007—to serve a late notice of claim. In February 2008, plaintiffs were also given permission to serve an amended complaint. On March 30, 2008 the court directed, in a scheduling order, that all discovery be completed and a note of issue filed by October 30, 2008. In mid-October 2008, at plaintiffs' request, the court entered a second scheduling order extending the discovery completion/note of issue deadline to January 5, 2009.

On January 8, 2009, three days after the expiration of Supreme Court's second scheduling order, plaintiffs moved to compel certain discovery and to further extend the deadline in the second order. Defendant opposed the motion and cross-moved for a protective order and an order compelling plaintiffs to file a note of issue. Noting plaintiffs' failure to abide by the scheduling orders, the court denied plaintiffs' motion in its entirety, denied defendant's request for a protective order and directed plaintiffs to file a note of issue within 10 days. Plaintiffs appeal from this order. Thereafter, defendant cross-moved for summary judgment dismissing the complaint alleging that plaintiffs' pleadings and plaintiff's own testimony establish that defendant did not have notice of the alleged icy condition. The court granted defendant's cross motion for summary judgment, and plaintiffs also appeal from this order.

Initially, we reject plaintiffs' contention that Supreme Court abused its discretion by requiring them to file their note of issue without permitting additional discovery. While plaintiffs concede that their motion to compel discovery was late, they assert that the delay was "minimal" and did not prejudice defendant. "Where, as here, a party fails to comply with a discovery order, CPLR 3126 authorizes the court to fashion an appropriate remedy, the nature and degree of which is a matter committed to the court's sound discretion" (*Pangea Farm, Inc. v Sack*, 51 AD3d 1352, 1354 [2008] [citations omitted]; *see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Congleton v United Health Servs. Hosps.*, 67 AD3d 1148, 1150 [2009]), and such a remedy will not be set aside "absent clear abuse, despite a general policy

which favors resolution of disputes on their merits" (*Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660 [2004]; *see Matter of John H.*, 60 AD3d 1168, 1169 [2009]; *Pangea Farm, Inc. v Sack*, 51 AD3d at 1354).

Here, the record amply reflects that Supreme Court patiently entertained plaintiffs' motion practice and afforded them numerous adjournments and extensions which had already protracted the litigation for more than two years. While plaintiffs offer an extensive argument as to the quality and merit of their January 8, 2009 motion to compel discovery, they address, only minimally, their conceded failure to abide by the deadlines previously set by the court. The record demonstrates that plaintiffs' failure to comply with the court's scheduling orders caused more than a minimal delay. In our view, the court properly exercised its discretion in denying plaintiffs' motion (*see* CPLR 3126; *Congleton v United Health Servs. Hosps.*, 67 AD3d at 1150).

Turning next to defendant's cross motion for summary judgment, it is well settled that "[f]or liability to be imposed upon a landowner for a slip and fall, it must be established 'that the landowner knew, or in the exercise of reasonable care, should have known that a dangerous condition existed but, nevertheless, failed to remedy the situation within a reasonable time period' " (*Martin v RP Assoc.*, 37 AD3d 1017, 1017 [2007], quoting *McCombs v Related Mgt. Co.*, 290 AD2d 681, 681 [2002]; *see Orr v Spring*, 288 AD2d 663, 663-664 [2001]; *Wimbush v City of Albany*, 285 AD2d 706, 706 [2001]). Significantly, "[d]efendant's general awareness that icy conditions might have existed is insufficient to establish constructive notice of the specific condition that resulted in plaintiff's injuries" (*DiGrazia v Lemmon*, 28 AD3d 926, 927 [2006], *lv denied* 7 NY3d 706 [2006]; *see Richer v State of New York*, 31 AD3d 943, 944 [2006]; *Wimbush v City of Albany*, 285 AD2d at 707).

Here, through the affidavits of three of defendant's personnel, each of whom traversed the area in question on the morning of and prior to plaintiff's fall and reported that they did not observe any snow or ice in the striped walkway, defendant established that it did not have actual notice of the icy condition. Moreover, plaintiff unequivocally acknowledged that she did not recall observing any ice or snow as she walked through the walkway on her way into the school and, accordingly, made no complaint that would have put defendant on notice of any icy condition.

As to constructive notice, plaintiffs are required to present evidence "that the condition was visible and apparent and

existed for a sufficient period of time prior to the accident to permit defendant[ ] to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 667 [2003]; *Wimbush v City of Albany*, 285 AD2d at 706-707). Given the record evidence that the icy condition was neither visible nor apparent, a fact reinforced by plaintiff's own testimony that the icy condition only became obvious to her after she had fallen and was lying on the ground, we discern no triable issue of fact on the issue of notice.

Similarly, plaintiffs failed to demonstrate that the condition existed "for a sufficient period of time prior to the accident to permit defendant[ ] to discover it and take corrective action" (*Martin v RP Assoc.*, 37 AD3d at 1017-1018 [citations omitted]). Plaintiffs submitted the affidavit of meteorologist Howard Altschule, who opined that the icy condition was the result of a thawing then freezing of several inches of snow, which resulted in the formation of ice that was present for at least 11 hours prior to plaintiff's fall. While Altschule purportedly relied upon a vast array of data from local and national meteorological weather services in rendering his opinion, he failed to provide any documentation of the data he had utilized. As such, the affidavit, which is without proper foundation, was appropriately rejected by Supreme Court (*see id.* at 1019). Moreover, the expert's opinion "fails to shed any light on whether [the] ice was visible and apparent so as to permit discovery before the accident" (*DiGrazia v Lemmon*, 28 AD3d at 928). Accordingly, no triable issues of fact exist regarding actual or constructive notice.

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.