■ THOMAS N. CARPENTER et al., Respondents v J. GIARDINO, LLC, Appellant. [917 NYS2d 439]—

Peters, J.P. Appeal from an order of the Supreme Court (Catena, J.), entered November 16, 2009 in Montgomery County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

On December 30, 2005, plaintiff Thomas N. Carpenter (hereinafter plaintiff) was exiting his place of work when he slipped and fell on a concrete sidewalk in front of the building, which was owned by defendant. According to plaintiff, the accident was caused by a patch of ice that had formed as a result of water that leaked from a defective drainpipe located on the side of the building above a blacktop walkway, approximately one foot from the corner of the building where the blacktop walkway and concrete sidewalk intersect.* Plaintiff and his wife, derivatively, thereafter commenced this action against defendant to recover damages for his injuries. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment on the issue of liability. Supreme Court denied the motions, finding questions of fact as to whether defendant had constructive notice of and/or had created the alleged dangerous condition. Defendant appeals.

"To prevail on its motion for summary judgment, defendant was required to establish that its property had been maintained in a reasonably safe condition, and that it did not create a dangerous condition that caused plaintiff's fall or have actual or constructive notice of that condition" (*Stewart v Canton-Potsdam Hosp. Found., Inc.*, 79 AD3d 1406, 1406 [2010] [citations omitted]; *see Connolly v United Health Servs., Inc.*, 77 AD3d 1274, 1274 [2010]; *Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1364 [2010]). Here, the record is bereft of evidence that

---

* Plaintiff's observations of the patch of ice that allegedly caused his fall as set forth in his affidavit in opposition to defendant's summary judgment motion do not, as defendant argues, contradict his earlier deposition testimony (*see Ruffin v Chase Manhattan Bank, N.A.*, 66 AD3d 549, 549 [2009]; *Garcia v New York City Tr. Auth.*, 269 AD2d 142, 142-143 [2000]). Indeed, plaintiff's description in his affidavit of what caused him to fall is not only consistent with his deposition testimony when read as a whole, but also an accident report that he prepared immediately after the accident and plaintiffs' bill of particulars, both of which state that plaintiff slipped and fell on ice that formed as a result of a leaking drainpipe.

defendant had actual notice of the icy condition. Defendant's owner testified at his examination before trial that he had never received any verbal or written complaints about the drainpipe or ice accumulation at or around the area where plaintiff fell. Indeed, although plaintiff and his wife indicated that they had expressed concerns about icing issues around the base of the drainpipe to other tenants of defendant, neither could state with any certainty that they informed defendant of the problem. Furthermore, defendant met its initial burden of establishing that it had no constructive notice by relying upon plaintiff's own deposition testimony that the patch of ice, which was covered by a half-inch of snow, was not visible or apparent and only became noticeable after he had fallen (*see Pierson v North Colonie Cent. School Dist.*, 74 AD3d 1652, 1654-1655 [2010], *lv denied* 15 NY3d 715 [2010]; *DiGrazia v Lemmon*, 28 AD3d 926, 927 [2006], *lv denied* 7 NY3d 706 [2006]; *Wimbush v City of Albany*, 285 AD2d 706, 707 [2001]).

In opposition, plaintiffs attempted to establish constructive notice through evidence that "defendant 'was aware of an ongoing and recurring unsafe condition which regularly went unaddressed' " (*Mazerbo v Murphy*, 52 AD3d 1064, 1066 [2008], *appeal dismissed* 11 NY3d 770 [2008], quoting *Kivlan v Dake Bros.*, 255 AD2d 782, 783 [1998]; *see Padula v Big V Supermarkets*, 173 AD2d 1094, 1096 [1991]; *Weisenthal v Pickman*, 153 AD2d 849, 851 [1989]). In this regard, both plaintiff and his wife testified that water would routinely drip from the drainpipe and that, when the temperature was cold enough, ice would form at or around the area of the base of the drainpipe. However, no evidence submitted places such water or ice accumulation from the drainpipe in the area of plaintiff's fall. Notably, when asked to identify on a photograph the area where she had previously observed the ice buildup, plaintiff's wife indicated only a portion of the blacktop beneath the drainpipe, not the concrete sidewalk upon which plaintiff fell—which was around the corner from the drainpipe. Thus, while the evidence revealed that ice would occasionally form around the base of the drainpipe on the *blacktop* on the side of the building, there is no evidence of a recurring ice condition on the *concrete sidewalk* in front of the building where plaintiff fell (*see Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d 852, 853 [2005]; *compare Lowe v Spada*, 282 AD2d 815, 817 [2001] [the plaintiff established "that she slipped on a puddle *in the precise area* of the bathroom where there had been an ongoing and chronic problem with water puddles routinely left unaddressed by the maintenance company" (emphasis added)]; *Kivlan v Dake Bros.*, 255 AD2d at 783 [finding potential constructive notice arising from recurring oil spots

outside the defendant's convenience store because the spot on which the plaintiff fell was in *"close proximity"* to where oil spills had previously occurred (emphasis added)]). As such, we find a lack of proof that plaintiff fell in the same location as, or in close proximity to, the area previously affected by the allegedly recurring condition. Moreover, as more fully discussed below, plaintiffs failed to submit any competent evidence connecting the patch of ice which caused plaintiff's fall to leaking water from the allegedly defective drainpipe and, in the absence of any evidence of the origin of that icy condition, a finding that defendant had constructive notice would be pure speculation (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973-974 [1994]; *Mercer v City of New York*, 223 AD2d 688, 691 [1996], *affd* 88 NY2d 955 [1996]; *Ciaschi v Taughannock Constr.*, 204 AD2d 883, 884 [1994]).

Likewise, we find plaintiffs' proof to be insufficient to raise a question of fact as to whether defendant created the alleged dangerous condition. In attempting to establish that the ice on which he slipped was in fact caused by the leaky drainpipe, plaintiffs submitted the affidavit of a civil engineer, Michael Mc-Nearney. McNearney opined that, based upon the high wind conditions and below freezing temperatures that existed on the morning of and the evening prior to plaintiff's accident, as well as the "apparent" grade of the sidewalk upon which plaintiff fell, the icy condition was created by snow on defendant's roof that had melted, dripped down from the defective drainpipe, splattered upon hitting the ground and then froze to form ice on the sidewalk. However, no objective evidence—such as documentation of the weather data that McNearney purportedly utilized or specifications of the grade of the sidewalk—was offered in support of these conclusions (*see Pierson v North Colonie Cent. School Dist.*, 74 AD3d at 1655; *Martin v RP Assoc.*, 37 AD3d 1017, 1019 [2007]). Furthermore, while McNearney based his opinion, in part, upon his inspection of the area of plaintiff's accident, his affidavit, which is dated more than 3½ years after the fall, is silent as to the date upon which he inspected the site and contains no indication that the conditions that he observed were the same as those that existed at the time of the accident (*see Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 680 [2001]; *Santiago v United Artists Communications*, 263 AD2d 407, 408 [1999]). For these reasons, the affidavit should have been rejected as speculative and without proper foundation. Given the absence of any admissible evidence that the alleged icy condition was the result of leaking water from defendant's drainpipe, plaintiffs failed to raise a triable issue of fact as to the creation of a dangerous condition (*see Orr v Spring*,

288 AD2d 663, 665 [2001]; *Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 661 [2000]; *Dwoskin v Burger King Corp.*, 249 AD2d 358, 359 [1998]).

Spain, Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.