Devine, J.
Appeal from a judgment of the Court of Claims (Hard, J.), entered November 12, 2014, upon a decision of the *1377 court following a bifurcated trial in favor of defendant on the issue of liability.
Claimant worked at Coxsackie Correctional Facility as a certified nurse’s aide and, shortly after she arrived at the facility for her shift on December 12, 2010, she slipped and fell on ice in the parking lot. She commenced this negligence action to recover for the injuries sustained in the fall. The Court of Claims conducted a bifurcated trial on the issue of liability, after which it found for defendant and dismissed the claim. Claimant now appeals.
Inasmuch as this is “an appeal from a judgment issued after a nonjury trial, we are able to ‘independently review the weight of the evidence . . . and, while according appropriate deference to the trial judge’s credibility assessments and factual findings, grant the judgment warranted by the record’ ” (Weinberger v New York State Olympic Regional Dev. Auth., 133 AD3d 1006, 1007 [2015], quoting Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1295 [2014], lv denied 24 NY3d 905 [2014]; see Medina v State of New York, 133 AD3d 943, 944 [2015], lv denied 27 NY3d 905 [2016]). Our independent review persuades us that the claim was properly dismissed and, accordingly, we affirm.
Defendant is obliged to maintain its property in a reasonably safe condition under the circumstances (see Powers v 31 E 31 LLC, 24 NY3d 84, 94 [2014]; Rossal-Daub v Walter, 97 AD3d 1006, 1007 [2012]). Under the circumstances here, “[1]lability for a slip and fall may not be imposed upon [defendant] unless there is evidence that [it] knew or, in the exercise of reasonable care, should have known that icy conditions existed, yet failed to correct the situation within a reasonable time” (Uhlinger v Gloversville Enlarged School Dist., 19 AD3d 780, 780-781 [2005]; see Richer v State of New York, 31 AD3d 943, 944 [2006]; Smith v State of New York, 260 AD2d 819, 820 [1999]).
It had been raining and the temperature was hovering around freezing in the hours before claimant’s fall, although claimant testified that there was no precipitation during her drive to work. The overnight watch commander learned of the icy conditions caused by the rain and promptly summoned maintenance staff around 5:30 a.m. to address the situation. The maintenance workers salted and sanded that portion of the parking lot where claimant parked on their first pass and, given the amount of time a pass took, it was essentially certain that the area had been treated prior to her 6:40 a.m. arrival. The workers’ supervisor further testified that the rotary spinner used to distribute the mixture worked with sufficient force *1378 to spread salt and sand over both the travel lanes and parking spots in the lot. Claimant denied that the parking lot had been salted and stated that it was covered in ice when she fell, but the Court of Claims specifically found those uncorroborated assertions to be incredible. Defendant therefore acted promptly to remedy the icy condition where claimant fell and, because no evidence suggested that defendant knew that ice had remained in the wake of that treatment or that the ice had persisted “for a sufficient length of time to permit defendant to become aware of and remedy the situation,” the claim was properly dismissed (Richer v State of New York, 31 AD3d at 944; cf. Panzarella v Multiple Parking Servs., 238 AD2d 906, 906-907 [1997]).
In light of the foregoing, we need not decide whether dismissal was also warranted upon the basis of the storm in progress doctrine (see e.g. Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]; McLaughlin v 22 New Scotland Ave., LLC, 132 AD3d 1190, 1191 [2015]).
McCarthy, J.P., Garry, Egan Jr. and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.